### HIRAM C. BRUSH vs. REUBEN A. HURLBURT.

No appeal is allowed from a judgment of a justice of the peace rendered in an action of *book account* wherein the plaintiff does not demand more than ten dollars, though the defendant plead in offset a claim of more than twenty dollars, if it appears that such claim is fictitious, and exhibited for the sole purpose of rendering the action appealable.

And the fact, that the defendant produced no evidence to support his claim in offset, nor offered any excuse for not doing so, will be sufficient proof that such claim in fictitious.

This was an action of *book account*, originally commenced before a justice of the peace, and the declaration concluded to the damage of the plaintiff *eight dollars*.   At the trial before the justice the defendant pleaded in offset a book account consisting of two items, amounting to $23.   A jury was empannelled to try the issue ; but the defendant did not offer any evidence in support of his claim in offset, nor even exhibit the account to the jury.   A verdict was returned in favor of the plaintiff for $2,57 damages. The defendant moved for an appeal, which was granted by the justice, though objected to by the plaintiff.   The action having been entered in the county court, the plaintiff moved that the appeal be dismissed, on the ground that the cause could not by law be appealed, the statute providing, " That the judgment of a justice of the peace shall be final between the parties in all cases where the sum demanded does not exceed ten dollars."   The county court were of opinion that an appeal ought not to have been allowed, and dismissed the cause from the doquet.   The defendant reserved the case for the opinion of the Supreme Court.

*Smalley & Adams, for the defendant.*—The amount claimed in offset by the defendant is the sum demanded, from which an appeal will lie.   *Baker* vs. *Blodget*, 1 *Aik. Rep.* 342.

FRANKLIN,
January,
1830.

Brush
vs.
Hurlburt.

From the facts in the case it is obvious the defendant's claim to the amount of $23 was litigated in the justice's court, and judgment thereon rendered against him, from which he has the right to appeal. For

1. The judgment, unappealed from, is a conclusive bar to any future assertion of his demand.

2. But granting that the record of this judgement would not be a bar to his claim included in the plea in offset, how is this to effect the question before the court ? A certified record of a court is a copy of the process by which the parties are brought before the court, of their pleadings, and of the judgement thereon rendered. What takes place on trial, the manner, or matter of witnesses' testimony, their credibility or competency, the testimony offered, the rejection or admission of it by the court, may be subject matter of a bill of exceptions; but can never become part of the record, except in those cases in which an express authority is given to record the facts that legal inferences from them may be raised or determined by some other tribunal. What statute authorizes a justice of the peace to allow a bill of exceptions, or make such bill the basis of any proceedings ? In the case under consideration the justice gives an impertinent relation of certain incidents connected with the trial in his court, and seems to certify them as constituting a part of his record. But this cannot alter the nature of the case. For what purpose, or upon what principles, he has thought proper to incorporate into the record a history of the defendant's conduct on trial, it would be difficult to understand. The plaintiff insists that this verbiage in the record is in the nature of a bill of exceptions to the magistrate's decision granting the appeal, and that it proves the defendant's plea in offset to have been unfounded and fictitious. But the justice can certify no more in one case than in another, namely, the process, the pleadings and his judgement thereon. Therefore, if the opinion of the justice, that the defendant's claim is unfounded, is to deprive him of the right to appeal, no appeal can be had by him when the justice thinks proper to disallow his demand. This adjudication of the justice is the very gist of the defendant's complaint, to correct which he appeals to the county court. The adoption of such a principle as the county court must have acted upon in dismissing this cause, would be saying to the defendant, " If your claim had been allowed before the justice, you would have wanted no appeal; but as it was disallowed, you ought to have none—because the justice thinks it was not proved." It is for the purpose of correcting the

FRANKLIN,
January,
1830.

Brush
*vs.*
Hurlburt.

illegal adjudications of the magistrate that the party appeals to the county court.   To permit a justice, whose ignorance or iniquity is the subject of the complaint, to take away the only means of correction, by a certificate of his opinion, would be palpably absurd.    Again : If this certificate of the magistrate, or his narrative of what happened in his court, is to be considered a part of the record, what is the amount of it, and what effect is it to have ?

*Mr. Smith, for the plaintiff*, contended, That by the 5th section of the act passed November 15, 1821, all judgements rendered by a justice of the peace are final between the parties in cases where the sum demanded does not exceed ten dollars ; and that if the court, as in the case of *Baker* vs. *Blodget*, extend the act to pleas in offset, it must be to such as are not fictitious, otherwise it will be in the power of every defendant to defeat the salutary provisions of the act.

The opinion of the Court was pronounced by

PADDOCK, J.—This is an action on book account, originally commenced before a justice of the peace, demanding in damages $8,00.   At the return day of the writ, the defendant appeared before the justice, and exhibited and pleaded a book account against the plaintiff of $23,00 in offset to plaintiff's account.   A jury having been summoned to try the cause, the defendant saw fit to withhold from them his book, and offered no evidence in support of his offset, and the jury returned a verdict for the plaintiff of $2,57, and the justice rendered judgement thereon.   From that judgement the defendant prayed for, and was admitted to, an appeal to the next county court, where he caused the entry of his appeal to be made.   The plaintiff then filed his motion, praying the court to dismiss the appeal from the doquet on the ground that they had not appelate jurisdiction of the cause.   The record shows that the county court, considering the cause irregularly before them, did dismiss it from the doquet of the court.   And the only question here to be determined is, whether the defendant had a right of appeal from the judgment of the justice ? or, which raises the same question, whether the county court erred in dismissing the appeal ?

The plaintiff's claim not being over ten dollars, and the judgement of the justice not exceeding that sum, the right of appeal is restricted by the statute of 1821 ; yet, the defendant coming in with an offset, or the plaintiff with an offset to the defendant's off-

set, which, had the same been the subject of the suit, would have entitled the party aggrieved to an appeal : though not within the letter, it would clearly be within the spirit and intent, of the statute to grant an appeal if asked for.    Such might have been the case here.    The defendant pleaded in offset a book account of $23,00, and had he followed it up with evidence, (though it might have been insufficient, in the opinion of the justice, to authorize the rendering of a judgement in favor of such offset,) or had the defendant made a sufficient excuse for not producing it, in either case he would have been entitled to an appeal, and the county court would have sustained the same, being satisfied that it was not fictitious.    But from the fact that the defendant produced no evidence before the justice's court, and offered no excuse for not doing it, it is reasonable to conclude that he had none, and that his pleading items of book charge in offset, and calling for a jury, was a mere pretence.    Therefore, the judgement of the county court must be affirmed, there being no error in their dismissing the action from their doquet.

Judgement affirmed.

*Smith*, for plaintiff.
*Smalley & Adams*, for defendant.