## GUY CATLIN vs. JOSHUA AIKEN.

CHITTENDEN,
*December*,
1832.

That a charge on the plaintiff's book, which makes the debit side exceed one hundred dollars, but which was made, or posted, by mistake merely, and which is made correct again, by credit of the same matter thus charged, does not take the jurisdiction from a Justice of the Peace and transfer it to the County Court.

That, when the plaintiff charges no interest on his book account, and nothing appears to render it certain, that he is entitled to interest, the jurisdiction cannot be affected by a supposed right to cast interest.

That, when there is no contract for the payment of interest on a book account, none is to be cast, except upon the balance, and that only from the time when said balance ought to have been paid.

This was an action on book account, appealed from the judgement of a Justice of the Peace to the County Court, and there submitted to an auditor, whose report is here inserted, so far as relates to any question of law, now litigated. There was a motion in the County Court to dismiss the action, on the ground, that the Justice had no jurisdiction, which was overruled, until the report of the auditor should come in. After that came in, the same motion was renewed, and overruled, and judgement rendered according to the report, for $58,50 in favor of the plaintiff. To this decision, the defendant excepted. The following facts were reported by the auditor, subject to the opinion of the Court upon the law arising upon those facts.

What was included in the report, and in the arguments, relating to a joint interest of the plaintiff and his brother, and relating to a bill of iron, is omitted, because the facts are so reported, as excludes every question of law connected with them.

The defendant contended, 1st. That the auditor could not act for want of a jurisdiction; the suit having come up by appeal from a Justice of the Peace, and the *debit side* of the plaintiff's account being more than one hundred dollars, to wit, the sum of $165,34.

The auditor found that the following was an exact copy of the plaintiff's Ledger, and the original charge on the Day Book, to wit :

23

Chittenden,
December,
1832.

Catlin
vs.
Aiken.

(LEDGER)

" Dr.       Aikens,    State of New York,    Cr.

| 1824 | | By am't. of 2 Bbls. |
| March 29, To Day | | Oil which is entered |
|      Book, 207 | $165,54 | on my Book by M. |
| | | Catlin, which is trans- |
| | | ferred to his acc't,   $66,50." |

(DAY BOOK) p. 297,

" 29 March, 1824—Mr. Aiken in York State,      Dr.

| | | | | | |
|---|---|---|---|---|---|
| To 64 galls Oil, last August, at 6s. | | | | $64 | 00 |
| To 2 bbls. | - | - | - | 2 | 50 |
| To Transportation of Flour, | | - | - | 1 | 50 |
| Ap'l. To 26 bbls. Rye Flour at $3,75 | | | - | 97 | 54 |

$165 54."

. It was proved, that the three first charges, were made by Moses Catlin, in his hand writing, and that the last charge was made by Guy Catlin. It appeared, that Moses Catlin was in the habit of making charges for Guy and for himself on Guy's Book, and also that he made settlements for Guy, and for himself, and Lynde Catlin on the same Book.

2d. The defendant contended, that, from the foregoing facts it appeared, that the account was a *joint account* of Moses and Guy Catlin, and that the suit should have been in their names.

It appeared that the flower, charged by the said Guy Catlin, was manufactured at the Mill of Lynde Catlin, which was in the charge of Moses Catlin, and taken thence ; but said flour was the property of Guy Catlin.

Israel P. Richardson, *Audt.*

*Defendant's argument.*—Is must be admitted, that the *debit side* of the plaintiff's book was *prima facie* over $100. And we contend that the Magistrate could not sit to enquire into the case, but was, *ipso facto,* ousted of jurisdiction.

The debit side of the defendant's book was *in fact* over $100. The deduction claimed by plaintiff's counsel, is not stated or claimed to be a mistake in the case, or on the plaintiff's Book, but is an ordinary credit on the Ledger,

CHITTENDEN,
December,
1832.

Catlin
vs.
Aiken.

and, from the appearance of the Day Book, it is evident, that it was not a mistake of either Moses or Guy Catlin.

1st. Even admitting that the amount credited, was charged by mistake, and hence that the action could have been maintained, yet it appears, that the debit side, less by that sum, was $99,04, and adding the interest accrued, was over $100.

Nothing will be presumed in favor of the jurisdiction of an inferior Magistrate as it is not general, but given, and limited, by particular Statutes. 4 Mass. 641 ; Revised Stat. p. 140.

*Plaintiff's Argument.*—1st. The plaintiff contends, that the debit side of his account is not over $100 ; that the charge of two barrels of oil on the 20th of March, 1825, at $66,50, is not a part of his account ; that it was the property of Moses Catlin, and delivered by him to said Aiken ; and also charged by said Moses on the plaintiff's book, without his, the plaintiff's knowledge ; that, when the charge of the oil was discovered by plaintiff, it was immediately transferred by him as belonging to Moses Catlin aforesaid ; that if any question is presented by the charge of the oil being thus made, it is a question of fact which has been settled by the auditor.

HUTCHINSON, C. J.—The principal question, to be decided in this case, is, whether the action ought to have been dismissed for want of jurisdiction. It was an action on book account, brought before a Justice of Peace ; and carried to the County Court by appeal. The defendant there filed a motion to dismiss for want of jurisdiction, because the debtor side of the plaintiff's account exceeded $100. Its amount was $165,54, and there was a credit of $66,50. It seems the plaintiff contended, that his account was made to exceed $100 by the mistake of a charge in his favor of $66,50, which should have been charged in favor of Moses & Lynde Catlin, and his credit of that sum was merely a credit showing the same sum carried to the account where it belonged. The whole was submitted to an auditor, to take the account, and report the facts. He made his report, to said County Court, when the motion to

CHITTENDEN,
December,
1832.

Catlin
vs.
Aiken.

dismiss was renewed. The Court refused to dismiss, and rendered judgement of the plaintiff for a balance of $48,50.

To this decision the defendant excepted, and the action is brought to this Court, and has been argued upon that question.

On recurrence to the auditor's report, we find he has not found, in express terms, that the charge of $65,50 was charged by a mere mistake, and that the credit of the same sum, as it was made in account books, had corrected the mistake, and left the account as it should be. Such a report would have removed all difficulty, and restored the jurisdiction of the Justice as fully as if the mistake had never existed. We must not permit a mere mistake in charging, or posting, an item to take the cause from the jurisdiction of the Justice, where it would otherwise rest, nor a fictitious charge, to give jurisdiction to the County Court. See the case of *Brush* vs. *Hurlbut*, 3 Vt. Rep. 46. The auditor has reported the accounts of both parties, both debt and credit. By this it appears, that the defendant has given credit to Moses & Lynde Catlin for the same articles composing the $66,50, which the plaintiff had charged to the defendant, and afterwards carried to the account of Moses Catlin. He further reports the custom of Moses Catlin to make charges, in his own business, on the plaintiff's book ; and further, that the original charge, now called a mistake, is in the hand-writing of Moses Catlin. We consider all this a sufficient report of facts, to show the charge of $66,50 to be a mere mistake.

But it is urged, that the charges of the flour and transportation of the same, which form the real account of the plaintiff, amount to $99,04, and that this, with the interest upon it, exceed $100. This argument cannot be correct, unless it be first determined, that this demand certainly draws interest, like a note bearing interest. The plaintiff has charged no interest, in this case, and no fact appears, which renders it certain, that any interest ought to be allowed him, or, if any, for how long a time it ought to be cast. Interest is never to be cast on book accounts, unless by reason of some contract upon the subject, otherwise than upon the balance, and that only from the time when that balance ought to have been paid. As the plain-

CHITTENDEN,
*December,*
1832.

Catlin
*vs.*
Aiken.

tiff asks for no interest, and no fact, reported, shows him entitled to interest, there is nothing upon that score to affect the question of jurisdiction.

The defendant's counsel has suggested that the action ought to have been assumpsit, because the account is joint, being in favor of Moses and Guy Catlin. But this is only true of the charge made by mistake, and not of the real account which leaves the question of jurisdiction the only question to be decided, and, upon that question the decision of the County Court was correct, consequently, we affirm that decision.

*J. N. Pomeroy,* for defendant.
*H. Leavenworth,* for plaintiff.