Windsor,
February,
1835.

### Chester Stone vs. Seth E. Winslow.

The debit side of the plaintiff's book, as presented by him to the justice, is by inspection to determine the jurisdiction in the action on book.

Because there is another item which he might charge, whether interest or any thing else, which if charged would make the account exceed one hundred dollars, that does not take the case out of the justice's jurisdiction.

If, by the defendant's request, that item of interest is computed in striking a balance, he in writing waiving all exception, that will not subject the case, aft r appeal, to being dismissed by the county court, if the judgment both of the justice and the auditor is less than one hundred dollars,

This was an action on book, originally commenced before a justice of the peace, and which came by appeal to the county court. At the county court a judgment to account was rendered against the defendant, and an auditor was appointed, who made the following report to the November term, 1834.

"The auditor, after being duly sworn, proceeded to examine and try the matters in issue in book between the parties, and reports the following facts:

At the commencement of the accounts between the parties, it was agreed that interest should be cast upon the balance of the account at the end of each ninety days to the time of settlement. The item of interest hereafter mentioned was computed agreeably to said contract.

At the justice trial, the plaintiff presented to the court his account, of which the within is a transcript. He also presented a transcript of the said account, which account, so presented, contained no item of interest, and did amount to $97 80.

The plaintiff, at the same time, brought into court on a separate slip of paper, the item of interest amounting to $6 10, and declined presenting the same on the ground that said item added would increase the amount of his account to a sum without the jurisdiction of the justice. The defendant at the same time consented that said item might be presented and go in to make up said judgment, and requested of the plaintiff that the same might be done, saying that it was fair and right, at the same time saying that that should be the end of the said suit.

The defendant, at the same time, wrote upon the back of said writ and signed the following agreement:—"I agree that I will not take any exception to the jurisdiction of the justice in this case on the ground of the plaintiff's account amounting to more than an hundred dollars on the debtor side, or on any other ground existing previous to the decision or judgment of court this day."

WINDSOR,
February,
1835.

Stone
vs.
Winslow.

The plaintiff then and previous to the rendition of the judgment by the justice added to the transcript of his said account the said item of interest, being $6 10, which said item went into and was made a part of the judgment rendered by the justice, (which judgment was about $35.) The said item of interest was entered on ledger by plaintiff after the trial before the justice, and on the trial before the auditor the said ledger stood footed on the debit side at $103 90. On the trial before the auditor the plaintiff presented the transcript of account without the item of interest, which transcript is endorsed, and did not insist in being allowed the said item of interest.

The defendant's counsel objected to any proceeding on the part of the auditor, on the ground that the court had no jurisdiction of the subject matter of the suit; but the auditor overruled said objection on the ground that it was his duty to present the facts to the court.

The auditor allows all the items in the plaintiff's account.—He also allows all the defendant's account enclosed, except the item marked No. 1, which he allows at $1 ; also No. 2, which he allows at $2; also No. 3, which he allows at $3 42.

He therefore finds due from the defendant to plaintiff to balance book accounts the sum of thirty-six dollars and eighty cents.

O. P. CHANDLER, *Auditor.*

To which the defendant filed the following exception :

*Windsor County Court*, November Term, 1834.—The defendant appears and excepts to the acceptance of the foregoing report, and moves this honorable court that the same be rejected, and that the action of the said Stone against the said Winslow be dismissed from the records of said court, because he says that this honorable court has not jurisdiction of the sum for this.

That the court, before which said action was commenced, and from which it was brought to this court by appeal, had not jurisdiction of the same as will sufficiently appear from the facts disclosed by said report.

By his attorney, ANDREW TRACY.

*Tracy for the defendant.*—The case presents the following questions :

1. Had the justice, before whom this action was commenced, jurisdiction of the same ?

2. If the justice had no jurisdiction, did the county court take any by appeal ?

3. Can the want of jurisdiction in the justice be cured by any act or neglect of the parties?

The first proposition is believed to be the only one requiring much examination.

By the statute of 1821, the jurisdiction of justices of the peace is extended to "all pleas and actions of a civil nature," other than certain actions particularly specified, "where the debt or other matter in demand does not exceed the sum of $100." By the statute of 1823, their jurisdiction in actions on book is limited to cases "where the debit side of the plaintiff's book does not exceed the sum of $100; and the inquiry here is, did the debit side of the plaintiff's book exceed the sum of $100?

The defendant maintains that it did.

From the facts found by the auditor it appears that the articles charged in the plaintiff's account amounted to $97 80, and were delivered under an agreement that interest should be cast on the balance at the end of every ninety days, and the interest so cast amounted to $6 10, which added to the original sum of $97 80, makes the amount $103 90.

If then the interest makes a part of the debit side of the plaintiff's account, within the intent and meaning of the statute, it is manifestly true that the debit side of his account in this case exceeded the sum of $100, and consequently the justice had no jurisdiction. That it does, as much as either item charged them, is most clear. What did the legislature intend by the debit side of the plaintiff's book? Most clearly, neither more nor less than that side of his book in which the debt or claim against the defendant is to be found.

What then was the debt or claim of the plaintiff in this case, looking to the debtor side of his book alone? Clearly the sum due him on that side of his book, without reference to the other, as well the interest as the principal; for it cannot be pretended that the interest was not due him.

By the terms of the agreement, interest was as much to be paid him as the price of the articles sold. The contract was an entire one, and interest was cash agreeably to the contract, and went into and formed a part of the judgment rendered by the justice.

If the interest was due on the account, was it not as much a part of the debt due as any portion of the account. Most clearly it was, and if so, the amount exceeded $100, and the justice had no jurisdiction.

If such be not the construction given to the act of 1823, then it

follows that the legislature has intended to give to justices, in actions of this kind, an extent of jurisdiction which has been denied them in all others.

Windsor,
February,
1835.

Stone
vs.
Winslow.

That the county court took no jurisdiction by appeal, if the jus‑ tice had none, and that jurisdiction could not be inferred, or a want of it cured by any act or neglect of the parties, is believed to be to well settled to require argument.

*Coolidge for plaintiff.*—The act of November 15, 1821, in addition to the several acts defining the powers of justices, &c. enacts that the justice may have, &c., "where the debt or other matter in demand, does not exceed one hundred dollars." The debt demanded in the plaintiff's writ not exceeding that sum, no construction of that act can bear upon the point here raised.

But the act of November 3, 1823, in addition, &c, enacts that a justice of the peace shall have, &c., "all actions on book account where the *debit side* of the plaintiff's book shall not exceed the sum of one hundred dollars;" and the question is,

What constitutes the *debit* side of an account, within the true intent and meaning of the act last cited?

The plaintiff contends that the plain and obvious meaning of the word *debit,* or debt, requires that the term be restricted to that which forms the *basis* of the demand—in other words, it is the principal sum and that only. The object of the general law is not to preclude a justice from rendering a *judgment* for a sum exceed- ing one hundred dollars; for he may so do on confession of the party. But it is designed only as evinced by the whole of the act in question, to forbid the justice to *try,* and adjudicate upon a claim which involves the right to a larger sum; and this on the principle that, although the plaintiff shall claim as balance a sum below the one hundred dollars, yet that balance may arise upon the amount of thousands of which the same being disputed, the justice would be the trier, and consequently have, in this respect, an *undefined* jurisdiction—The amount of debit presented to the justice for trial and adjudication was $97,80 and no more was claimed as *princi‑ pal,* or debit. The plaintiff does not contend that jurisdiction can be conferred on any contract of the parties. Nor, upon the ground assumed by the plaintiff was any thing necessary to sustain the ju- risdiction. The attempt which appears to have been made to re‑ move any doubt on this point will not, is apprehended, prejudice the plaintiff, who seems, through the whole proceeding, to have been grossly imposed upon, and deceived by the defendant. Nor

WINDSOR,
February,
1835.
Stone
vs.
Winslow.

will the mere adding the sum of interest to the account, and thereby increasing it nominally, to an amount exceeding the one hundred dollars, have any legal effect; the question still remains as to what constitutes the debit.

Again—The plaintiff insists that interest is no part of the debt, but is merely *damages*.—1 H. Blackstone, 303.—3 Taunton, 157. 3 Campbell, 258 and note.—2 N. R. 205, and notes of Mr. Day the editor.—5 Esp. Cases, 114.

The true principle on which interest is allowed in judgment, is that it is a consequence of a tort, or breach of another contract, and as such creates a right to compensation as consequential damage.

But the case shews that interest was agreed to be paid by rests in the account at the end of each ninety days, and it may, and probably will, be argued that by this agreement interest after it accrued, became incorporated with and formed part of the debt. To this it is replied, that the interest is still but damages, the right of which depends entirely upon the performance or non-performance of the principal contract, of which it is simply a *consequence*.

The opinion of the court was delivered by

COLLAMER, J.—If the justice of the peace had jurisdiction when he rendered the judgment, the county court had appellate jurisdiction of the cause, of which the subsequent events could not deprive them. The question then is, had the justice jurisdiction of the cause ? If a court presume to act where the *subject matter* is not within its jurisdiction, the court, and all acting under its authority, are, generally, trespassers. When such are the consequences, the law, defining the jurisdiction, should be simple and definite and obvious of determination. It must never be necessary to enter into the merits or try the case to determine the jurisdiction. By the statute of 1821, the justice may hear, try and determine, &c., " when the debt or other matter in demand does not exceed one hundred dollars." This, where the declaration was special or on the contract, as on a note, was simple and certain ; easy of determination by *inspection* of the declaration and contract. If a note exceed one hundred dollars, and is sued before the county court, the jurisdiction of that court cannot be taken away by showing that money had been paid on the note which *ought to have been indorsed,* and which if indorsed, would have brought it within the jurisdiction of a justice of the peace. For had that same note been sued before a justice he could not have

taken jurisdiction by inspection of the note, as the law intended; but must have entered into trial of the merits of the payment in order to ascertain his jurisdiction. This was decided in a recent case in the county of Addison, (bank of Middlebury *vs.* Tucker.) The justice can never be compelled to enter into matters not apparent of the declaration and contract on which it is founded, and to judge of that matter at the peril of being a trespasser if he judge wrong.

WINDSOR,
February,
1835.

Stone
vs.
Winslow.

The action of book account is not founded on contract. No contract is disclosed by the declaration which the justice can *inspect*. It is like general counts in assumpsit. This left doubt and uncertainty which was intended to be clearly settled by the statute of 1823 in relation to the action on book. That act provides that in such action the justice shall have jurisdiction only "where the debit side of the plaintiff's book shall not exceed one hundred dollars." This is a clear, definite, certain rule, and by it every case may be certainly and instantly determined by an *inspection* of the standard given, as questions of jurisdiction ever should be. The justice is not to resort to matters not apparent of the book, resting *in pais*, and which may be of uncertain determination. It is out of the rule of law and improper for the defendant, to offer to show that the plaintiff has not charged as high a price as was agreed, or has not charged all the articles sold or any other matter, out of the book, to enhance the debt or alter the jurisdiction; nor is it material whether such allegation be true or false, or whether it be conceded by the parties or not. It is setting up another and different rule from the statute. In this case the debit side of the plaintiff's book, and all on which he insisted was $97,80, before the justice. The matter of interest was not apparent of the declaration or book, and therefore could not be considered by the justice in settling jurisdiction. The circumstance that the parties *afterwards* consented that a certain amount of interest should be reckoned in striking the final balance cannot alter the jurisdiction of the court, unless thereby the balance was made to exceed one hundred dollars, which was otherwise in this case. Had this interest or any item of like or greater amount been charged before action, and then sued to the county court, the jurisdiction could not have been ousted by the defendant showing that such item ought not to have been charged. This shows that the rule given by the statute, the debit side of the plaintiff's book, is the invariable rule, whether that book be right or wrong.

Judgment affirmed.