George W. Scott & Co. *v.* Samuel & George W. Sampson.

Caledonia,
March,
1837.

In an action of book account, where the "debit side of the plaintiff's book" is made to exceed one hundred dollars, by the entry of items, which the party had no right to charge on book, and which he did not insist upon as a ground of recovery, the jurisdiction of the court is not affect ted by such entry.

This was an action of book account, sued before a justice of the peace, and brought into the county court by appeal, where judgment to account was rendered by consent of parties, and the case was referred to an auditor, who reported a balance due the plaintiff, and also stated certain facts, as the foundation of the report, upon which the defendants moved to dismiss the action, for want of original jurisdiction in the court where the suit was brought. That motion was overruled by the court below and judgment rendered on the report, to which decision the defendants excepted, and exceptions being allowed, the case comes here for revision of that decision.

The facts, necessary to the understanding of the motion to dismiss, are as follows :—

At the time of auditing the account, the plaintiffs presented a transcript from their *leger*, which showed on the debit side a sum total of $123, 79, and, to reduce that sum below one hundred dollars, the plaintiff proved that an item in the account, described as " brought from minute book" and under the head of articles " delivered to Samuel Sampson," being $27,98, was delivered to said Samuel Sampson on his sole credit, and had been transferred to the joint account, on the naked verbal promise of the other defendant, made long subsequent to the delivery of the articles, and without consideration.

The plaintiff formally withdrew the claim and did not in any way insist upon it, as part of the account, at the time of the *audit*.

*C. Davis, for defendants.*

In determining the question of jurisdiction, the court will not first try the whole merits of the case, ascertain for what portion of the Plaintiff's account he is entitled to recover, and what not, and then let the question of jurisdiction abide this result.

If this doctrine were to obtain, it would be premature to entertain questions of jurisdiction until after the coming in of the auditor's report.

The only proper inquiry is, was this charge deliberately made, by the plantiffs themselves, without mistake—if so, it is *bona fide*, as against themselves, a part of their account.

The case of *Stone* v. *Winslow*, 7 Vt. Rep. 338, is a strong case in point. The court there say emphatically—that the question of jurisdiction is to be determined from inspection of the plaintiff's books, and not from an investigation of the merits.

*H. P. Smith, for plaintiffs.*

The item of $27,98, is no part of the plaintiffs' account against the defendants. And there is no rule of law, which will admit of this item being audited, adjusted or recovered in this action. It now stands as originally charged, on a separate book, against Samuel Sampson, and he is alone liable to pay it, and it can only be recovered by an action against him alone. The item being transferred to the joint account of the defendants, does not change the nature and original character of the account or the liability of the defendants, as joint debtors to the plaintiffs.

The promise to pay the subsisting debt of Samuel Sampson is void under the statute, and was not a subject of book charge.

The opinion of the court was delivered by

REDFIELD, J.—The question of jurisdiction, submitted to the court for determination, is made by statute to depend wholly upon the amount of the " debit side of the plaintiffs' book." How far the court might feel themselves justified in adopting a literal construction of this statute, if the matter were *res integra*, is not now to be inquired. It has been adjudged that the court, before whom the suit is brought, may so far look into the character of the charges, constituting the plaintiff's account, as to permit him to withdraw mere erroneous entries, which were not intended to form part of the account. *Catlin* v. *Aiken*, 5 Vt. Rep. 177. This is the case, were the party never intended the charge should have been entered in the account. It requires no argument to show the absurdity of the contrary doctrine. For although it may be true, that no man ought to be permitted to allege against his own act, it can hardly be contended that the error of any one shall deprive him of an opportunity for repentance and restitution. In the case of *Stone* v. *Winslow*, 7 Vt. Rep. 338, it was held that a mere right to claim interest on an account, which the party did not insist upon, could not be

set up by the opposite party to oust the court of jurisdiction of the case　It was decided in the case of *Brush* v. *Hurlburt*, 3 Vt. Rep. 46, that a mere fictitious offset could not affect the right of appeal.　In a case decided upon the present circuit, a similar point to the one here discussed, was submitted to the consideration of the court.　(*Phelps & Bell* v. *Wood*, Addison county.)　The court had no difficulty there.　We all felt very well satisfied with sustaining the jurisdiction of the justice of the peace.　It is true, there may be a plausible ground of argument, that, as the legislature have seen fit to fix the criterion of jurisdiction, in actions of this character, in the plaintiff's book, it should be determined by that, and that only, and upon inspection of the book simply.　But it is to be borne in mind, that the book is no part of the record, even after oyer and a formal profert.　For the party may make profert of a mere transcript, and is, in no sense, bound by the account exhibited on oyer, so that the whole proceeding is, so to speak, " a mere child's play."　The court must, then, look out of the record to find the book, and must make some inquiry, so as to determine whether it be the plaintiff's book.　And we find no difficulty in saying the court, before whom the suit is pending, may go farther, and ascertain whether the plaintiff's charges were understandingly made, and whether they were of a character, which he had a right to charge on book.

For if the charges were entered by mere mistake, (*Catlin* v. *Aiken*,) or if they were of a character, not the subject of book charge, *i. e.* damages for tort or breach of contract, the price of real estate sold, money paid to be applied, but not applied, upon an outstanding contract, they do not become a part of the account by being entered there.　It may be treated as a *memorandum* of a transaction, but can never be considered a *charge in account*.　The " debit side of the plaintiff's book," would be neither more nor less, on account of such entries. They should be treated, as in fact they are, to all intents, in relation to an account between party and party, as a mere nullity. This principle will apply with full force to the question under consideration.　For the facts disclosed not only show that the plaintiffs had no good ground to charge the " item brought from minute book," to the joint *account*, but they had no possible ground of recovery, in any form of action, against the defendants jointly.　The case is not different in principle, from what it

Caledonia,
March,
1837.

Scott & Co.
*v.*
Sampsons.

would have been, if the plaintiffs had carried all their account against the defendants, separately, to the joint account, without consulting *either* of the defendants, or they had done the same by mere mistake, or to save time or space in posting. In neither of which cases, could it be contended, with much plausibility, that it formed a part of the joint account, so as to affect the jurisdiction of the courts..

And in this case, the books, taken together, do not, in fact, show more than one hundred dollars *originally* charged to the defendants jointly, but simply a *combining* of the accounts in *posting, without authority*.

But even when it is conceded that the party makes the entries in good faith, and understandingly, expecting to recover the amount in the *name* of *account*, but is mistaken in his right, such mis-entry may always be corrected, either by erasure or credit, or in any other mode, (and the more obvious the original entry, the better for the credit of the book,) and the account is the same, as if such entries had never been made.

The judgment of the county court is, therefore, affirmed.