### JAMES NICHOLS *v.* NATHANIEL PACKARD.

When it does not appear that any of the plaintiff's charges were fictitious, or made in bad faith, the *debit* side of his account determines the jurisdiction of an action upon it.

The court will not dismiss such action for want of original jurisdiction in the county court, although the *debit* side were made to exceed $100 by charging the accruing interest on the account.

Any claim which the defendant might have upon the plaintiff for rent, ac-
cruing after the store of the defendant, leased by him, with the land on
which it stood, to the plaintiff, had been burned down, during the contin-
uance of the lease, cannot be adjusted in an action on book, either to extin-
guish the plaintiff's account, or to enable the defendant to recover a bal-
ance.

BOOK ACCOUNT.  The *debit* side of the plaintiff's account, as
presented before the auditor, was $112.20, including accruing in-
terest, which was charged to the amount of $17.56.  But the auditor
found that the first six items, being for goods delivered to the amount
of $5.27, and the item for painting the defendant's store, charged at
$60.90, but allowed by the auditor at $40, accrued in payment for
rent due from the plaintiff to the defendant, and he therefore disal-
lowed them; leaving the only charge upon the plaintiff's account
one of $28.39, for money paid by the plaintiff, on the defendant's
order, to one Hale, which the auditor allowed at $23.19.

The defendant presented his claim for rent, in reference to which
the auditor reported that on the 19th of October, 1836, one Thomas
H. Packard, son of the defendant, leased to the plaintiff a store and
about one acre of land, for the term of five years, reserving a rent
of $60 *per annum*; in payment for which the said Thomas was to
take such goods, &c., as he, or this defendant, might want, and the
balance was to be paid in money.  Nichols, either alone, or in con-
nection with partners, occupied the premises until the store was
burned down, September 30, 1840.  In 1837 the said Thomas con-
veyed the premises to the defendant.  On the 15th of April, 1841,
the defendant conveyed the land to one Halbert, who took posses-
sion in May following.  The plaintiff ceased occupying the land
when the store was burned.  The rent which had accrued, and re-
mained unsettled for, at the time the store was burned, amounted
to $162; and the plaintiff presented accounts for goods, &c., deliv-
ered in payment of said rent, amounting in the whole to $178.95.
The defendant claimed that he was entitled to rent to the time of
the sale to Halbert, which would have been $197.50.  But the audi-
tor disallowed the defendant's claim for rent, and all of the plain-
tiff's account, as having been delivered in payment of said rent,
except the sum of $23.19, above specified.

Nichols *v.* Packard.

When the auditor's report was returned into the county court, the defendant filed a motion to dismiss the suit for want of original jurisdiction in the court; which was overruled, and the court rendered judgment for the plaintiff; to which the defendant excepted.

*J. Maeck* for defendant.

1. The case most clearly should have been dismissed. The criterion of jurisdiction is the matter in demand on the debtor side of the plaintiff's book. Stat., p. 170, § 8. If the articles charged are properly chargeable on book, and they exceed $100 in value, the court will retain jurisdiction until, upon investigation, it shall be made to appear to the court that the account is made to surmount the sum of $100, either by charging to defendant articles he never had, or at prices unreasonable, or articles which the party never had the right of charging on book at all, they having been delivered in payment for some specific thing. To adopt any other criterion, than the result whether the party succeeds in *establishing* a claim beyond $100, would be unjust, and would plainly frustrate the intentions of the legislature.

2. On the report of the auditor the judgment should be entered for the defendant. He finds an express promise to pay the rent, and, though the premises were destroyed by fire during the term, the defendant is entitled to recover the rent. *Voluntine* v. *Godfrey*, 9 Vt. 186, and cases cited.

*D. A. Smalley* for plaintiff.

1. The rent can only be recovered in the name of Thomas H. Packard.

2. Rent is not a proper subject of book charge, unless made so by the dealing of the parties. *Hitchcock* v. *Smith*, Brayt. 39. *Case* v. *Berry*, 3 Vt. 332. *Gunnison* v. *Bancroft*, 11 Vt. 490. *Beach* v. *Mills*, 5 Conn. 493. 1 Swift's Dig. 582.

3. If the rent is allowed to the defendant, the payments made on account of it by the plaintiff must be brought in. The rent, to the time the store was burned, was but $162, and the payments $178.95.

4. As there was no lease between the plaintiff and defendant, the plaintiff is not liable for rent beyond that time.

The opinion of the court was delivered by

BENNETT, J. The first question in order relates to the jurisdiction of the county court. It is insisted that that court had not original jurisdiction of the cause. The plaintiff has charged in his account several small items, amounting in the whole to $5.27 ; also for painting the defendant's store $60.90; and $28.39 for money paid G. S. Hale, amounting in the whole, exclusive of interest, to $94.64.

The auditor does not disallow the plaintiff's account, for the six first items, upon the ground that the items had never been delivered, and that the same were charged in bad faith, without color of right, —but because the same were delivered in payment for store rent. Though the plaintiff has presented in his account all the items for painting the store, yet the auditor finds that the materials found, and labor expended, were reasonably worth but forty dollars, and that this charge was in payment of the store rent. The charge for money paid Hale was allowed the plaintiff. The plaintiff had also claimed, and charged on his account, $17.56 for interest, making his account in the whole $112.20.

The interest, which is incident to a debt, whether it be a note or an account, and recoverable when the suit is commenced, has the same effect in giving jurisdiction as so much principal.

The fact that the auditor reduced the sum, allowed on the plaintiff's account, under one hundred dollars, or disallowed a portion of it upon the ground that the articles delivered, or services rendered, were to be paid for in a particular manner, cannot, it is clear, be decisive against the jurisdiction of the county court.

The amount, which a party may be reasonably entitled to recover, may be, and often is, a point highly litigated. So, whether an account was to have been paid in a particular manner ; and it may after all, in the minds of the triers, be left doubtful. In this case there are no facts reported to show that the charges were made, or the suit commenced, with improper motives. Besides, the act regulating the jurisdiction of justices provides that a justice of the peace shall have jurisdiction only "where the *debit* side of the plaintiff's book shall not exceed one hundred dollars." This is a clear and definite rule ; and in *Stone* v. *Winslow*, 7 Vt. 343, it was

said to be the invariable one, whether the book be right or wrong. The converse of the proposition must follow, and the county court alone have jurisdiction, in a case where the *debit* side exceeds one hundred dollars. Certainly in cases where the charges are not fictitious, or made in bad faith, there is no reason why the rule should be departed from.

As it respects the proceedings of the auditor, the defendant only complains that he did not allow him rent for the store after it was burned. It is sufficient for this case to say, that, if the plaintiff is liable for such rent in any possible event, it must be by a special action; and it cannot be adjusted in this book action, either to extinguish the plaintiff's account, or to enable the defendant to recover a balance. The right, if any, must arise entirely out of the contract, and not from any beneficial occupancy by the plaintiff.

The judgment of the county court is affirmed.