## LORENZO SHELDON *v.* PATRICK FLYNN.

Where items were charged in an account, which were not legitimate and proper subjects of a charge on book, and were stricken out before the commencement of the action upon the account,—which was brought before a justice of the peace,—it was held that the jurisdiction of the justice was not thereby affected.

And if the defendant's account contain charges which accrued in payment of the items thus stricken from the plaintiff's account, it will be proper for the auditor to deduct such items from the amount of the defendant's charges of that character, and apply the balance, together with the remainder of the defendant's account, in offset to the plaintiff's account;—and the appellate jurisdiction of the county court will not be affected by the plaintiff's claiming that such deduction should be made.

BOOK ACCOUNT. The action was brought originally before a justice of the peace, and came to the county court by appeal; in that court judgment to account was rendered, and an auditor was appointed.

The auditor reported that the plaintiff's account, as presented before him, amounted to $81,44, of which he allowed $74,35 ; and that the defendant's account, as allowed, amounted to $125,35, —of which more than $100 was for labor performed by the defendant for the plaintiff; that it appeared that the plaintiff owned a note, signed by the defendant and one Mumford, given to one Abram Mead, and payable in work, and had also claims against the defendant for rent of a tenement and cooking stove from April 1, 1840, to April 1, 1843, which had never been paid, except by the labor charged in the defendant's account; and that it had been understood and agreed by the parties that the labor of the defendant should apply in payment of the note and rent, although no particular portion of the labor performed by the defendant had ever been designated, as being to be applied upon the rent, or the note.

The auditor also reported, that it appeared from the plaintiff's original book, that, in 1841, he charged upon his book $9,00 of the rent which then accrued, and that after the close of the account the parties attempted to settle, and the plaintiff then entered on his book two other charges for rent, amounting to $46,00 ; that the

Sheldon *v.* Flynn.

parties did not settle, and the plaintiff, before the, commencement of this action, erased from his account the three charges for rent.

The auditor deducted from the amount of the defendant's charges for labor the amount due upon the Mead note, also the amount due to the plaintiff for rent, and reported that he found a balance due from the defendant to the plaintiff of $13,62.

The defendant excepted to the report, for the reason that the ,auditor had deducted from his account the amount of the note and rent, and also because he alleged that it appeared that the justice, before whom the action was originally brought, had no jurisdiction thereof.

The county court overruled the exceptions, and rendered judgment for the plaintiff upon the report; to which decision the defendant excepted.

*Thrall & Pond* for defendant.

1. The defendant contends that the two items deducted from his account, consisting of the Mead note and the charge for rent, were, at the time this suit was commenced, existing claims in favor of the plaintiff, in no way *cancelled* or *paid* by the defendant's account.

The rule of law, applicable to cases of this kind, is this,—that, where there are mutual dealings between parties, and where services are rendered, or articles delivered, by one party to be *applied in payment* of a pre-existing, or an accruing, account, yet, so long as no *specific application* of the *payment* is made, both claims continue to exist, to be enforced according as the law directs and requires. *Wood* v. *Barney*, 2 Vt. 374. *Stevens* v. *Tuttle*, 3. Ib. 519. In order to be considered a payment, "it must appear that it ' was *delivered and received in payment*, and that nothing more was to be done *between the parties* to complete the application." *Strong* v. *McConnell*, 10 Vt. 231. If it was the design of the parties that there should be a *future adjustment*, this would prevent its operating as payment. *Strong* v. *McConnell*, 5 Vt. 338. *Chellis* v. *Wood*, 11 Vt. 468.

The auditor finds, in this case, that the work of the defendant was

*to be applied* towards the payment of the rent and note, but *no application* was made. Therefore the account of the defendant and the claim of the plaintiff for rent and on the note continued to exist, subject to a future adjustment.

2. This principle of law being established, we are next to enquire as to its effect upon this case. We contend, that, though the plaintiff, after he had entered the items for rent in his account, with a view to a settlement and adjustment according to the understanding of the parties, afterwards erased those items from his account, and presented at first only the remaining items of his account to the auditor, yet, if he afterwards insisted upon the allowance of the claim in this action at all, it became a part of his account, as understandingly made up by him. A party is allowed to charge rent on book and recover therefor, " when, by the course of dealings be-' tween the parties, it is shown that it was intended to be a mat-' ter of account between them and to be entered and adjusted on 'book." *Per* PRENTISS, CH. J., in *Case* v. *Berry*, 3 Vt. 332. *Gunnison* v. *Bancroft*, 11 Vt. 490.

These cases do not proceed upon the ground that the articles delivered, or services rendered, have operated as payment, but precisely the contrary. Not having so operated, and the claim of the other party not being extinguished, or cancelled, they allow the party to make a charge of rent to offset the claim for services."

3. The jurisdiction of the county court would attach in this case, even if we should regard the items of rent as paid by the defendant's account. The amount of the rent had to be ascertained by the auditor from the examination of the parties, and therefore the items for rent became a claim on the part of the plaintiff. This would make the debit side of the plaintiff's account over $100.

What has been said in relation to the rent applies equally to the note. *Fassett* v. *Vincent*, 8 Vt. 73. *Barlow* v. *Butler*, 1 Vt. 146.

*Foot & Everts* for plaintiff.

1. The note payable to Mead in work was correctly set off against the account for work; it was agreed by the parties that it

Sheldon *v.* Flynn.

should be so set off. Also the amount due for rent was a good offset to the account for work. Rev. Stat. c. 34, § 3. The services rendered by the defendant were in *payment* of the rent and note. 13 Vt. 15.

2. The plaintiff's account was within the jurisdiction of the justice, the amount charged upon the plaintiff's book being $81,44. The rent could not be charged upon the plaintiff's book, and thereby affect the jurisdiction. The jurisdiction of the court cannot be affected by the entry of items not proper subjects of book charge. 14 Vt. 254. 9 Ib. 339, 399.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The plaintiff's account, as allowed and adjusted by the auditor, was within the jurisdiction of a justice of the peace. His account, as presented to the auditor, amounted to no more than $81,44. The two claims for rent and for the note in favor of Mead were not legitimate and proper subjects of a charge on book; and if they had been so charged, they could not have altered the jurisdiction, nor have justified the plaintiff in bringing the action before the county court, if he had been disposed so to do. The case of *Scott et al.* v. *Sampson et al.*, 9 Vt. 339, and that of *Phelps et al.* v. *Wood*, 9 Vt. 399, decide that jurisdiction is not taken from a justice, in the action on book, by the entry of charges which the creditor is not authorized to make, or which were made and posted by mistake.

The only object, in exhibiting these two claims for rent and for the note, was to obviate a part of the claim of the defendant, and to use them as evidence, to prove that that part of the defendant's exhibit for work, which he presented, was not a legitimate claim against the plaintiff, but that the labor charged had been performed in payment for the rent and note. It did not affect the question of jurisdiction, nor would the plaintiff have been justified in bringing his action originally to the county court in consequence of those claims.

The judgment of the county court, in sustaining the appellate jurisdiction, is affirmed.