ROBERT BEACH 2D *v.* HENRY BOYNTON.

*Book Account. Jurisdiction of a Justice of the Peace.*

In actions on Book Account, the plaintiff's book, and the *debit* side of that book, afford the *only rule* by which the jurisdiction of the justice is to be determined.

The jurisdiction of a justice in the action on Book Account, is not affected by the defendant's book, or by any entries therein, which he may make to the credit of the plaintiff.

BOOK ACCOUNT. The action was originally brought before a justice of the peace, and came to the county court by appeal. The case was sent to an auditor, and from his report returned to the county court, March term, 1853 ; it appeared that the *debit* side of the plaintiff's book was under one hundred dollars. But that defendant's account exceeded one hundred dollars, and his credits to the plaintiff also exceeded that sum. It also appeared, that the defendant's account included a cash deal between the parties of sums of money lent and paid ; but this deal the plaintiff had

XXVI        8

never kept, and the sums credited to the plaintiff in this cash account, had never been charged by the plaintiff on his book against the defendant, he leaving the cash deal to be kept entirely by the defendant. The auditor found that the account of the cash deal presented by defendant was correct, and that a balance on said account of $29,83 was due defendant. If the cash deal be added to plaintiff's account the *debit* side of his book will exceed $100. This cash deal had never been settled by the parties. The auditor found a balance due the plaintiff, taking the cash deal into the settlement.

The defendant upon the coming in of the auditor's report, moved to dismiss the cause for want of jurisdiction.

The County Court,—PECK, J., presiding,—overruled the motion to dismiss, and rendered judgment on the report for the plaintiff.

Exceptions by defendant.

*Geo. F. Edmunds* for defendant.

The justice had no jurisdiction. The borrowed and lent account was just as much a matter of accounting, and just as much to be adjusted as the other accounts. It was the balance in respect to all the accounts and that only, which the plaintiff was entitled to sue for and recover. He could no more sue upon one part of the account than the other. The whole of the plaintiff's matters of account were to be adjusted, with the whole of the defendant's, and upon the facts reported, it will hardly be contended that all of it was not a proper subject of accounting.

The rule is, if the county court has jurisdiction the justice has not; and it would be confounding all distinction between the respective jurisdictions, to leave the choice to a party, which tribunal he would select.

*Phelps & Chittenden* for plaintiff.

The *debit* side of the plaintiff's book determines the jurisdiction. That was less than one hundred dollars. *Hatch ex parte,* 2 Aik. 28. *Stone* v. *Winslow,* 7 Vt. 338. *Temple* v. *Bradley,* 14 Vt. 254. *Gage* v. *Barnes,* 14 Vt. 195. *Nichols* v. *Packard,* 16 Vt. 91. The case does not show that this cash deal was presented before the justice, and if it was not, the question of jurisdiction cannot be raised. *Stone* v. *Winslow* above cited.

Beach *v.* Boynton.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. The question in the case arises on a motion to dismiss for want of jurisdiction by the justice, before whom the suit was originally commenced.

The Comp. Stat. 233 § 20, 21, gives exclusive jurisdiction to justices of the peace, of all actions of a civil nature where the debt or matter in demand does not exceed one hundred dollars ; and in actions on book account the statute provides, *that the matter in demand shall be the debtor side of the plaintiff's book.* The plaintiff's book, and the *debit* side of that book, affords the *only rule* by which the jurisdiction of the justice is to be determined. The jurisdiction of the justice is not affected by the defendant's book, nor by any entries therein, which he may make to the credit of the plaintiff. The statute makes no such reference ; but it is expressly confined to the *debit* side of the plaintiff's book.

The adoption of the rule, which is contended for by the defendant, that the credit on the defendant's book will affect the jurisdiction of the justice, would manifestly introduce a rule, defining and limiting the jurisdiction of that court, different from that which is given by statute.

The case of *Stone* v. *Winslow*, 7 Vt. 338, is decisive on this subject. The court in that case remarked, "that it was improper "for the defendant to show that the plaintiff has not charged as "high a price as was agreed, *or has not charged all the articles sold,* "*or any other matter out of the book,* to enhance the debt *or alter* "*the jurisdiction.*" The doctrine of this case was afterwards approved in *Nichols* v. *Packard,* 16 Vt. 91, and it is regarded as the only rule that can properly be adopted.

Judgment affirmed.