ALFRED PAIGE *v.* ISAAC T. MORGAN, *apt.*

*Evidence.   Jurisdiction.   Interest.*

Proof by a physician's books, and his own oath, that his charges in question were made at his usual rates of charge for similar services for other persons, in the same neighborhood, whom he attended, is admissible, in connection with proof that these rates were known to the person charged.

If testimony before an auditor would have been admissible in any view, or in connection with any other evidence, and it appears that it was offered and admitted

Paige *v.* Morgan.

"among other things not objected to," which are not more particularly stated, it cannot, on exceptions, be held to have been inadmissible.

An article sold conditionally, to be returned if it did not suit the purchaser and which was so returned, may, though it was regularly charged on the plaintiff's book at the time of its delivery and credited at the time of its return, be wholly omitted from the account; and, if so omitted, will not be treated as a part of the account for the purpose of placing it beyond the jurisdiction of a justice.

It is optional with the plaintiff whether or not to claim interest upon an account to which he is fairly entitled; and the jurisdiction of a justice will not be affected by any just claim which he might, but does not make; or which, having made, on the mistaken ground that the justice's jurisdiction would not be exceeded, he abandons.

BOOK ACCOUNT. The plaintiff's account was for services as a physician, which the auditor allowed as charged.

On the hearing before the auditor the defendant objected to some of the plaintiff's items of account, as being charged too high, and unreasonable; and, to show that they were not so, the plaintiff, among other things not objected to, offered to show by his books, and his own testimony, that the charges were made at his usual rates for similar services, in the same neighborhood, for other persons for whom he attended. To the admission of this testimony the defendant objected, but the auditor admitted and weighed the the testimony for the purpose above named.

The action was regularly commenced before a justice, and came into the county court by appeal. The defendant claimed that the justice had no jurisdiction. It appeared that there was charged to the defendant, on the plaintiff's book, "1 supporter, $5.00," under date of August 12, 1854, that was not included in the account of the plaintiff presented before the auditor. In relation to this the auditor found that the sale was regarded by the plaintiff as conditional, and that the article was delivered by him at the time of the charge, with the expectation that the defendant would keep and pay for it, if it answered the purpose for which it was wanted, but if it did not, or was not liked, it was to be returned and received back by the plaintiff. The article was subsequently returned, for some or all the reasons stated above, and was entered by the plaintiff to the defendant's credit, as "returned," under date of November 20, 1854.

At the trial before the justice, no claim was made by the plaintiff for this item, but the plaintiff did claim, as interest on his ac-

count at the time of that trial, the sum of $8.56, which was entered in and made part of his exhibit before said justice, but was never entered upon his book. The amount of the plaintiff's account on book, including the price of the supporter, as charged, and adding thereto the interest, as claimed by the plaintiff before the justice, would make the debit side of the plaintiff's account exceed $100; but leaving out either the supporter or interest, it would be less than $100.

Upon the foregoing facts presented by the report of the auditor, the county court, December Term, 1855,—UNDERWOOD, J., presiding,—overruled the defendant's motion to dismiss, and rendered judgment for the plaintiff on the report. Exceptions by the defendant.

*I. T. Morgan, pro se.*

The interest which has accrued and is due on an account when suit is commenced is a part of the account, whether actually entered on book or not, and regarded as so much principal; *Nichols* v. *Packard,* 16 Vt. 91.

By Comp. Stat. 223, § 20–21, it is declared that for the purpose of determining the jurisdiction of justices, the debit side of the plaintiff's book shall be considered the "debt or matter in demand."

"The plaintiff's book and the debit side of that book affords the *only rule* by which the jurisdiction of the justice is to be determined." *Nichols* v. *Packard,* 16 Vt. 91; *Beach* v. *Boynton,* 26 Vt. 105.

The fact that the plaintiff regarded the sale of the supporter conditional, depending on the circumstances detailed in the report, cannot affect the question of jurisdiction. The charge was properly made, [as admitted by the plaintiff by the fact of making it,] and it constitutes a part of the debit side of the book, as properly as any other charge. Property lent is properly chargeable on book, at the time of lending; 2 Wash. Dig. 141, p. 6; 16 Vt. 428, *Stone* v. *Pulsipher;* 2 Wash. Dig. 141, p. 8.

The auditor erred in admitting the testimony objected to. That the plaintiff had charged other persons in the neighborhood at the same rate is no evidence that his prices are just and reasonable.

*A. P. Hunton* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.  I. The testimony offered to show that the charges made in the case were according to the defendant's ordinary rates of charge to other persons in the vicinity, might be proper enough, in connection with other proof, that his rates of charge were well understood, and did, in fact, come to the knowledge of the defendant; and, possibly, as showing part of the general and customary charge in the county, for similar services, but of less account in this latter view.  And, as we do not know what other testimony was in the case, the auditor expressly stating that this testimony was offered among other things not objected to, or in what view it was received, we could not hold it inadmissible, if it could be made to bear upon the question before the auditor, in any view, or in connection with any other evidence; *Vilas* v. *Downer*, 21 Vt. 419.

II. In regard to the question of jurisdiction, it will appear, by the decisions upon the subject, that the court has generally adopted a construction of the case favorable to sustaining the jurisdiction, where it is apparent that the jurisdiction was invoked in good faith. But, of course, this is not always decisive of the case.  Often the party mistakes the law, in an obvious particular, which no reasonable construction cures.  But, in the present case, we can entertain no doubt the suit was brought before the justice in the most perfect good faith, and that it probably might have been brought, by the defendant's counsel, in the most perfect good faith, in the county court.  And, if it had been brought so, and the supporter continued upon the account, and the interest too, I should have been prepared to sustain the original jurisdiction of the county court.  But it seems to us that the supporter was more properly treated, at the time the suit was brought, as forming no part of the account.  It was delivered upon trial, and, if it proved unsatisfactory, was to be returned and taken back and no charge made for the same.  It was so returned before the suit was brought.  There clearly was no account to render in regard to this item, and the keeping it upon the account was a mere fiction, and, it seems to us, it would be regarded as a very singular construction to declare it a necessary part of the account, and dismiss the action on that ground.

So, too, in regard to interest upon an account, it is optional with

the party whether to claim it or not, and a suit will not be dismissed because the party is fairly entitled to recover it, and by adding it the sum exceeds the jurisdiction. This item is not upon the book, and, if the party had entered it, upon his exhibit, on the mistaken ground that it did not swell the account above $100, and it finally, for any reason, were proved to do so, we think he might be allowed to correct his mistake, by striking it out, and that this is only going to the extent of the principle of the case of *Scott* v. *Sampson,* 9 Vt. 339 ; see also *Catlin* v. *Aiken,* 5 Vt. 177 ; *Stone* v. *Winslow,* 7 Vt. 338.

Judgment affirmed.