Dewey, J.
Scire facias against bail for the stay of execution issued by a justice of the peace. Judgment against the defendant by default before the justice. Appeal to the Circuit Court. Judgment for the plaintiff.
The scire facias was issued on the 27th of April, 1840. It recites a judgment rendered by the justice against the original debtor on the 14th of November, 1839, and alleges that the *69 defendant, on the 14th of November, 1840, entered himself on the justice’s docket as bail for the stay of execution on the judgment, interest, and costs, for 150 days, which period had, at the date of the seire facias “ long since elapsed;” and that an execution had subsequently issued against the judgment-debtor, and been returned “no property.” The defendant moved the Circuit Court to dismiss the suit for want of a sufficient cause of action. The motion was overruled. He then asked leave to file two special pleas upon the payment of costs, the substance of which was, that the original judgment-debtor had property sufficient to pay the judgment, while the execution so returned “no property found” was in the constable’s hands, and that the property might have been taken on the execution. The plaintiff objecting, leave was refused.. The *plaintiff offered in evidence a transcript of the original judgment, and of the stay thereof by the defendant, dated the 30th of November, 1839. It appeared that the original judgment had been rendered by default, and that the cause of action on which it was rendered was a promissory note calling, on its face, for $215, though the demand sued for, and for which judgment was obtained, was less than $100. The transcript of this judgment preceded a transcript of the judgment on the. scire facias on the same sheet of paper, and both were authenticated in one certificate of the justice, at the foot of the latter transcript; the evidence was objected to, but the objection was overruled. The defendant offered evidence of the same facts which were contained in the rejected pleas, but the Court excluded it.
The matters urged as errors are, 1, That the action was not dismissed; 2, The admission of the transcript of the original judgment; 3, The admission of the transcript of the entry of bail for the stay of execution; 4, The rejection of the special picas, and of the corresponding evidence.
None of these objections can be sustained, though some of' them are plausible.
First—The scire facias must be considered as a declaration. The cause of action which it alleges is, that the defendant *70 entered himself, on the justice’s docket, as bail for the stay of execution for a definite period which had elapsed, &c. It is true that the time, at which this transaction is alleged to have taken place, was impossible in point of fact, and repugnant to the rest of the allegation. Rut when an impossible or repugnant time is averred in pleading, it is considered as surplusage, at least on general demurrer, and the allegation is to be viewed as if no time at all had been stated. Buckley v. Kenyon, 10 East, 139. Seen in this light, the scire facias. contains too-much to authorize the dismissal of the suit for the want of a cause of action.
Second—The objections urged against the transcript of the original judgment as legal evidence are, that the judgment is a .nullity, and that the transcript was not sufficiently authenticated. The first of these objections is founded on the supposition that the justice had no jurisdiction over the subject *matter which gave rise to the judgment, because the note which was filed as the cause of action in that case was, upon its face, for a sum over $100. But as the amount actually demanded and recovered was under that sum and within the jurisdiction of the justice, the presumption is that the note had been reduced by credits. In which case, the justice was authorized to take cognizance of it. R. Stat., 1838, p. 364. As to the other objection, we find on examination that the certificate of the justice includes in its terms the transcript of the original judgment, as well as that of the judgment from which the appeal was taken; and this, we think, is a sufficient authentication of both.
Third—The plaintiff in error contends .against the admissibility of the transcript of the entry of bail also upon two grounds. The first is, that the transcript being but a copy, was illegal evidence; and the other, that there was a variance between the entry of bail shown by the scire facias, and that shown by the transcript. In answer to the first objection, it is sufficient to refer to the statute which provides that copies of the proceedings of justices in this State, duly certified, shall be received in evidence. R. Stat., 1838, p. 274. Bail for the *71 stay of execution of judgments rendered by those magistrates is required to be entered on their dockets, and is, we think, a matter within the statute to be proved by a transcript, at least when the entry of bail is not denied on oath. As to the variance, we have already seen that the impossible and repugnant time stated in the scire facias, at which the entry of bail was alleged to be made, is to be considered as surplusage, and the allegation to stand as if no time was averred. The entry of bail as shown by the transcript was on the 30th of November, 1839, which was before the issuing of the scire facias. Here is evidently no variance. Indeed, in the higher Courts, where more strictness in pleading is required than is necessary before justices of the peace, the time at which an instrument of writing is stated to be made is immateral, provided no date is given to the instrument itself, and one bearing a date different from the alleged time of making it may be given in evidence. 1 Chitt. PL, 258, 311; Hall v. Cazenove, 4 East, 477; Coxon v. Lyon, 2 Campb., 307, n.
8. W. Parker, for the plaintiff.
(7- H. Test, for the defendant.
*Fourth—The special picas which were rejected, and the evidence that was excluded, were correctly dealt with, because they were attempts to falsify, collaterally, the return of an authorized officer, which can not be done. Hamilton v. Matlock, November term, 1840. Burger et al. v. Bechet, at this term. . ,
Per Owriam.—The judgment is affirmed, with 2 per cent. damages and costs.