May Term,
1858.

HARVEY
v.
FERGUSON.

(1) See, also, *Sloan* v. *The State*, 9 Ind. R. 565.

---

## HARVEY *v.* FERGUSON.

In a suit in the Common Pleas, the plaintiff laid his damages, in the conclusion of his declaration, at 1,000 dollars. The Court permitted him to amend by reducing his claim to 999 dollars. *Held*, that the amendment was proper.

Where all the evidence is not in the record, this Court cannot judge of the correctness of the ruling of the Court below in the denial of a new trial, or upon any other point arising upon the evidence.

APPEAL from the *Hamilton* Court of Common Pleas.

PERKINS, J.—Suit upon a promissory note, and for work and labor, goods sold, &c.

Thursday, June 17.

The defendant answered, denying that he was indebted to the plaintiff, alleging that plaintiff and defendant had been partners, and that the note was given for an interest in the partnership, but that, by a subsequent agreement, it was to be given up and canceled; and in another paragraph, he set up and claimed a set-off.

Issues by replies. Trial by jury; finding and judgment for the plaintiff.

By a bill of exceptions it appears that the plaintiff had laid the damages in the conclusion of his declaration at 1,000 dollars, and that the Court permitted him to amend by reducing the amount to 999 dollars. This Court, in *Epperly* v. *Little*, 6 Ind. R. 344, held such an amendment proper.

Should the Court dismiss, in such a case, for want of jurisdiction, the plaintiff could immediately reduce his claim to damages, refile his declaration, and thus institute his suit anew. It comes nearly to the same thing, except as to time, as permitting him to amend on payment of all

May Term,
1858.

costs to the time of amendment. This he would be required to do, if the defendant insisted upon it. Under our very liberal statutes as to amendments, the Court has sustained this course of practice, as tending to promote the ends of justice without materially infringing any legal principle.

By another bill of exceptions it appears that a motion was made for a new trial and overruled. The bill does not purport to set out all the evidence, nor does any other part of the record. The merits of the case upon the evidence, are not, therefore, before us. We cannot judge of the correctness of the ruling in the denial of a new trial.

A third bill of exceptions shows that the defendant asked leave to amend his plea of set-off that it might meet a state of facts which he assumed was presented by the evidence. The Court refused to grant the leave on the ground that the evidence did not present the state of facts assumed by the defendant.

As the record does not purport to contain all the evidence, we cannot say that the Court erred in its view of what it established.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. C. Chipman, J. W. Evans, W. Garver* and *M. B. Hopkins*, for the appellant.

*G. H. Voss*, for the appellee.