JOHN CORBY, ADM'R OF JEREMIAH FLAHERTY, dec'd, Appellant, *v.* W. J. TAYLOR, Respondent.

*Pleading—Accounts—Estoppel.*—Where the demand is an entirety, although consisting of several items, if judgment be recovered for part of it, the judgment is a bar to the remainder; but where the demand results from several and distinct transactions, the demand is divisible, and the items of each several transaction form the subject of a distinct action.

*Appeal from Buchanan Court of Common Pleas.*

Corby, as administrator of Flaherty, commenced in the Buchanan Court of Common Pleas three suits. One suit was commenced against defendant Taylor and one Grant, founded upon an account, in which suit Grant was not served with process, nor did he ever appear to the action; a second suit was commenced against defendant Taylor, founded upon two promissory notes executed by him to Flaherty, the deceased; and a third suit against defendant Taylor, founded upon an account against him in favor of said deceased in his lifetime. The last two suits have been consolidated and tried together, and the appeal in this case is taken from the judgment recovered upon said trial. When these three suits were commenced, the defendant Taylor filed an answer to each, in each of which answers he set up by way of offset an entire account for work and labor and materials

furnished to and for the said Flaherty, and in his lifetime; said account being composed of various items, amounting in all to some $2,500, and running through the years 1856 to 1858 inclusive, and the account pleaded in this case being identical the plaintiff replied to each of these answers, and pleaded the offset set up in each case in abatement of the same offset set up in the other cases, &c. The said defendant then obtained leave to file an amended answer in each case. In his amended answers he divided and cut up the account before pleaded, taking a portion of the items of the account and pleading such portion as an offset to one suit, and then taking another of the items of the entire account and pleading said items as an offset to the second suit, and then taking the other portion of the items of said account and pleading them as an offset to the third suit. The suit commenced against defendant Taylor and Grant was afterwards tried upon petition and answer, and replication thereto, and the evidence adduced; and the said defendant Taylor, upon the part of said account so pleaded as an offset in said cause, obtained judgment for the sum of $637.10; after which the plaintiff replied to the offset pleaded in the remaining two suits as aforesaid, and set up in his replication as a defence to said offsets the recovery in the first case upon that part of the account pleaded in said cause, thereby insisting that the whole account before being separated was one entire and continuous account due from and to the same parties, and that only one recovery could be had upon said account.

The last two cases, having been consolidated as before stated, were tried together, and, the facts appearing as above stated upon said trial, the plaintiff moved the court to instruct that the case was as follows:

1. Plaintiff moved the court to instruct the jury, that plaintiff is *prima facie* entitled to recover the amount of the notes sued on, with interest thereon from the time the same became due until this time.

2. That if the jury believe from the evidence that the

defendant had an open and running account against Fla-
herty in his lifetime, for carpenter's work done and lumber
and material furnished in the course of said work, and that
said Flaherty had several notes and accounts against defend-
ant upon which several suits were brought, and that to one
of these suits made out and filed a part of said account for
carpenter's work and materials as an offset; that in said suit
in December, 1860, defendant recovered upon said offset a
judgment against plaintiff, as administrator of said Flaher-
ty's estate, for the sum of $637.10, and that the account filed
as an offset in this case is another part of the account of de-
fendant against Flaherty for carpenter's work and materials
as aforesaid; then the said judgment so recovered by defend-
ant on the former portion of said account is a bar to his re-
covery upon his set-off as filed in this cause, and the jury
cannot allow the same to defendant in making up any
part thereof.

3. It is admitted that plaintiff commenced three suits
against defendant on notes and accounts; that defendant
filed his entire account of about $2,500 as a set-off; that de-
fendant afterwards split up his account into three separate
and distinct accounts, and filed each as a set-off to each cause
of action; that one of said causes was tried, and defendant
obtained judgment on said part of his account which occur-
red after the date of the items in the account filed as a set-
off in this cause, and that the whole of said account so filed
as a set-off, was due and owing when they were thus so split
up and separated. It is also admitted that, before defendant
split up his cause of set-off, plaintiff in each suit plead the
one set-off in abatement of the other.

The court gave the first and last instruction so asked by
the plaintiff, but overruled and rejected the second instruc-
tions asked by plaintiff. To the opinion of the court in so
overruling said second instruction and refusing to give the
same to the jury, the plaintiff at the time excepted.

The court then, at the request of the defendant, instructed
the jury as follows:

1. The defendant asks the court to say to the jury, that if they believe from the evidence that the decedent, Jeremiah Flaherty, got of the defendant the lumber charged in the defendant's set-off, and that the defendant Taylor performed the work charged in the said account for the said Flaherty, or that any part of said work was done by defendant Taylor or lumber furnished, and the same was not included in the former case tried between the same parties, they will find for the defendant such sum as is prudent, and give him credit for same on the amount of the work at the time the set-off was pleaded; and if the amount of the account proved exceeds the sum total of the amount of the notes at the time the plea of set-off was filed, they will find for the defendant such sum against the plaintiff as the account exceeds the amount of the notes.

2. It is admitted in the agreement of the parties, that the account herein pleaded as a set-off by the defendant is a different bill of items of work and lumber furnished from that heretofore sued on between the same parties, but a part of the general account of Taylor against Flaherty.

The court found the issues for the defendant and rendered judgment in his favor upon the set-off for $78.

*H. M. & A. H. Voreis,* for appellant.

It is agreed by the parties in this case, that the only question to be decided by this court as presented in the record is, whether the defendant in this cause where several suits were pending against him by plaintiff, and he had plead the whole of an entire account which he had against plaintiff decedent to each of said actions as an offset, he could withdraw said offset and plead part of said account as an offset to each of said actions; and after recovering on one part of said account, he could recover on another part pleaded to another action; the first recovery being pleaded in bar to the second suit. It is insisted by the plaintiff, that in such case the recovery in one case may be pleaded in bar to any further recovery on other parts of the account, the same being part

of an entire and continuous account between the parties.
(Morgan v. Jacoby, 26 Mo. 532; Brown v. Fisher et al., 10
Mo. 57; Guernsey v. Carver, 8 Wend. 492; Miller v. Co-
vert, 1 Wend. 487; Smith v. Jones, 15 Johns. 229; Far-
mington v. Payne, 15 id. 452; Miller v. Sperry, 16 id. 121;
Phillip v. Bessick, 16 id. 136; 11 Serg. & Ra. 78.)

*Ensworth*, for respondent.

It is said that a plaintiff cannot split his claim and recover
upon a part, and afterwards recover in another suit for the
balance. This position is correct in cases where the claim
is indivisible. But a different rule prevails in case of a
running account; separate purchases on different days con-
stitute different contracts, whether the price be stipulated or
not, and each separate purchase constitutes a cause of action.
(15 Johns. 229, 432; 16 id. 121, 136; 26 Mo. 532.)

DRYDEN, Judge, delivered the opinion of the court.

As we understand the pleadings and admissions of the par-
ties in this case, the demand of Taylor against Flaherty was
not the sum of numerous items growing out of one single
contract, but, as a whole, consisted of items of numerous dis-
tinct transactions. With this understanding of the facts, in
our view of the law arising thereon, we are obliged to affirm
the judgment of the Common Pleas. The authorities all
agree that where the demand is an entirety, although con-
sisting of several items, if judgment be recovered for a part
of it, the judgment is a bar to an action for the remainder;
but as in the case under consideration, where the demand
results from several and distinct transactions, the current of
authority seems to sustain the proposition that the demand
is divisible, the items pertaining to each several transaction
being the subject of a distinct action. (Morgan v. Jacoby,
26 Mo. 532; Brown v. Fisher, 10 Mo. 57; Miller v. Covert,
1 Wend. 487; Smith v. Jones, 15 Johns. 229; Farmington
v. Payne, id. 452; Miller v. Sperry, 16 id. 121; Phillips v.
Berrick, id. 136.)

Let the judgment be affirmed; Judge Bay concurring.