(Decided 22nd June, 1887.)

---

### HENRY C. KIRK *vs.* MALCOLM GRANT.

*Appeal—Order granting a New trial—Justice of the Peace— Jurisdictional amount—Interest.*

An appeal does not lie from an order granting a new trial.

Suit was brought before a justice of the peace of Baltimore City on an open account for $93.75, and judgment was rendered for the defendant. The plaintiff appealed to the Baltimore City Court, and the case was tried before a jury who returned a verdict for the plaintiff for $108.75, a sum in excess of the jurisdiction of the justice. The defendant then moved for a *non pros.* and the plaintiff for a new trial. The Court overruled the motion for a *non pros.* and granted a new trial. The defendant thereupon appealed to this Court. HELD:

1st. That the appeal must be dismissed as no appeal lies from the order of an inferior Court granting or refusing a new trial.

2nd. That the fact that the verdict of the jury was for a sum in excess of the jurisdiction of the justice of the peace, did not deprive the Baltimore City Court of all further jurisdiction over the case, but the Court had the power to grant a new trial if it deemed the verdict improper; and as soon as the new trial was granted, the case stood precisely as if no trial had ever taken place.

3rd. That if the plaintiff claimed interest on his open account, the jury could allow him such legal interest as they might think right and just; but if no interest was claimed by him, none should be allowed.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court; but it may be observed that the verdict for $108.75 embraced the amount ($93.75) on which the suit was brought, and interest thereon as calculated by the jury.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*Luther M. Reynolds,* for the appellant.

*Thos. Ireland Elliott,* for the appellee.

STONE, J., delivered the opinion of the Court.

The appeal in this case must be dismissed, as it is in effect an appeal from the order of Court granting a new trial.

The plaintiff below, Grant, warranted the defendant Kirk, before a justice of the peace for Baltimore City upon an open account for $93.75. Judgment was rendered by the justice for the defendant, and the plaintiff appealed to the Baltimore City Court. The case was tried in that Court before a jury, who rendered a verdict for the plaintiff for $108.75. The defendant then moved for a *non pros.*, and the plaintiff for a new trial. The Court overruled the motion for a *non pros.* and granted a new trial, and the defendant has appealed to this Court.

It has many times been decided by this Court that no appeal lies from an order of an inferior Court granting or refusing a motion for a new trial. But the defendant seems to be under the impression that as soon as the jury

rendered their verdict for a sum over the jurisdiction of a justice of the peace, the Court had no longer any jurisdiction over the case, and had no power to grant a new trial for any cause whatever, however erroneous the verdict might be. This is not so. Baltimore City Court had the undoubted power to grant a new trial if it deemed the verdict an improper one, and as soon as the new trial was granted, the case stood precisely as if no trial had ever taken place, and no verdict had ever been rendered.

We may concede all the law claimed by the defendant, that in actions *ex contractu* the amount recovered is the test of the jurisdiction. But in the case before us nothing has been recovered. There is now no verdict and no judgment, as the verdict has been set aside and no judgment entered upon it.

As this case will be tried again, and as the defendant has argued the question of the allowance of *interest* on the claim of the plaintiff, we may add that if interest upon his open account (the cause of action in this case) *is claimed by the plaintiff*, it is certainly within the power of the jury to allow him such legal interest as they may think right and just. But if no interest is claimed by him, none should be allowed.

*Appeal dismissed.*

(Decided 22nd June, 1887.)