# VOLCANO STABLES AND TRANSPORTATION COMPANY *v.* HAYASHI and Y. KAWAI.

### ERROR TO CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED DECEMBER 2, 1901.    DECIDED DECEMBER 11, 1901.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action on a bond it is not the penalty named therein but the amount of the damages claimed which determines the jurisdiction.

A plaintiff may waive a portion of the amount due him in order to bring his claim within the jurisdiction of an inferior court, provided this is done *bona fide.*

### OPINION OF THE COURT BY PERRY, J.

Plaintiff brought an action in the District Court of South Hilo, alleging in the declaration that the defendant Hayashi had entered into a certain contract with him, the plaintiff, for the construction of a certain road, and had with the defendant Kawai executed and delivered to the plaintiff a bond in the sum of one thousand dollars conditioned for the faithful performance of the contract referred to, and that Hayashi failed to complete the road as in the contract provided, "to the damage of the plaintiff in the sum of $300." The prayer was for judgment for $300 with attorney's commissions and costs. The defendants demurred on the ground, among others, that the court had no jurisdiction to hear or determine the cause because the action was upon a bond the penalty of which was $1,000. The District Magistrate overruled the demurrer and, after trial, rendered judgment for plaintiff for the amount claimed. From that judgment the defendants appealed to the Circuit Judge of the Fourth Circuit, in Chambers.

When the cause came on for trial before the Circuit Judge, that court of its own motion ruled that the District Court had no jurisdiction to hear or determine the case and dismissed the action, the grounds upon which the order was based being, apparently, (a) that the penalty stated in the bond was more than $300 and (b) that Section 1144 of the Civil Laws provided that District Courts should not have jurisdiction in such cases. This ruling and order are assigned as error.

We are of the opinion that the Circuit Judge erred. It is well settled that the amount for which judgment is prayed and not the amount of the penalty of the bond or of the debt due, determines whether or not the case is one within the jurisdiction of the court. *Brewer v. Chase,* 3 Haw. 127, 137; 1 Encycl. Pl. & Pr. 706; *U. S. v. McDowell,* 4 Cranch 316 (2 Curtis 120); *Hapgood v. Doherty,* 8 Gray 373, 374; *Buechel v. Buechel,* 65 Wis. 532, 534; *Alexander v. Thompson,* 38 Tex. 534; *Wallsworth v. Mead,* 9 Johns. 365, 366; *Stone v. Murphy,* 2 Cole (Ia.) 35, 37. It is also established, by the preponderance of authority, that a plaintiff may waive a portion of the amount due him in order to bring his claim within the jurisdiction of an inferior court, provided this is done *bona fide.* 1 Encycl. Pl. & Pr. 707; *Hapgood v. Doherty, supra;* *Carpenter v. Wells,* 65 Ill. 451, 453; *Danforth v. Streeter,* 28 Vt. 490; *Wallsworth v. Mead, supra.* The amount claimed being $300, the District Court, and the Circuit Judge on appeal, had jurisdiction to hear and determine the case. Section 1119, Civil Laws. Section 1144 of the Civil Laws does not apply in the case at bar.

The order of dismissal is reversed and the cause remanded to the Circuit Judge of the Fourth Circuit, at Chambers, for such further proceedings as may be proper.

*Wise & Nickeus* for plaintiff.

*Smith & Parsons* for defendants.