## LEWERS & COOKE, Ltd. *v.* J. W. REDHOUSE.

### APPEAL FROM SECOND DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED JUNE 12, 1902. DECIDED JUNE 25, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

The provision of the Federal Constitution conferring the right of trial by jury in suits at common law where the value in controversy exceeds twenty dollars, is sufficiently complied with in cases within the jurisdiction of District Magistrates under our statutes if a trial by jury is allowed on appeal in the Circuit Court.

An entire claim cannot be split for the purpose of bringing separate actions on the different parts within the jurisdiction of an inferior court.

The amount for which judgment is asked and not the amount due determines whether the case is within the jurisdiction of the court.

A portion of an entire claim may be waived for the purpose of bringing action on the balance within the jurisdiction of an inferior court.

An ordinary continuous running book account is such an entire claim as cannot be split for the purpose of bringing several actions on the different parts.

If action is brought on a part only of an entire claim, the rest will be deemed to be waived.

If action is brought on a part of an entire claim, the part being within

and the whole being beyond the jurisdiction of the court, the result will be, not that the court will not have jurisdiction, but that the judgment will bar further action on the balance of the claim.

*Semble,* that attorney's commissions and costs allowed by statute, though prayed for, should not be included in determining whether the amount sued for is within the jurisdiction of the court, but Interest, whether allowed by the terms of the contract or by law as damages for the detention of money, should be included if prayed for.

While interest may be waived either expressly or by omission to pray for it, so as to bring a case within the jurisdiction of an inferior court, or, if not prayed for, may be remitted in case the judgment includes it, yet, if prayed for and allowed in the judgment, the error cannot be cured by remitting the excess beyond the jurisdictional amount, since the court never acquired jurisdiction over the case and its judgment is absolutely void.

The question of want of jurisdiction may be raised in this court although the record of the lower court does not show that it was raised there except in the notice of appeal filed after judgment was rendered.

OPINION OF THE COURT BY FREAR, C.J.

Several questions are raised on this appeal on points of law from the District Magistrate.

1. That the Magistrate was without jurisdiction to try the case for the reason that the 7th Amendment to the Federal Constitution confers the right of trial by jury in suits at common law where the value in controversy exceeds twenty dollars, and that in this case such value did exceed such amount and that there is no jury in the District Court. This constitutional provision is sufficiently complied with if, as is the case here, a trial by jury is allowed on appeal to the Circuit Court. *Capital Traction Co. v. Hof,* 174 U. S. 1.

2. That the District Magistrate was without jurisdiction because the plaintiff's claim exceeded the amount over which the Magistrate had jurisdiction. The action was for $297.39 (besides interest and costs) on book account for goods sold and delivered, but it appeared by the plaintiff's own evidence that the total balance due on the account was $367.63 and that this

had been split for the purpose of bringing the case within the jurisdiction of the Magistrate, which extends to $300 only. It is contended that a claim cannot be split for such purpose.

The prevailing rule is that an entire claim cannot be split for the purpose of bringing several actions on the different parts within the jurisdiction of an inferior court. This rule is based upon the maxims that it is for the public good that there be an end of litigation and that no one ought to be twice vexed by one and the same cause. But what is the result if an action is brought on a part only of the cause? Is it to oust the court of jurisdiction or is it merely to prevent a second action upon the balance of the cause?

It is settled that the amount prayed for and not the amount due determines whether the case is within the jurisdiction of the court; also that one may waive a portion of his claim in order to bring his action within the jurisdiction of an inferior court. *Volcano S. & T. Co., v. Hayashi,* 13 Haw. 695.

The questions then arise, whether a claim for the balance due on a running book account for goods sold and delivered from time to time is an entire claim such as cannot be split for the purpose of bringing different actions on the different parts, and, if it is, whether there has been a waiver of the part not embraced in this action?

Although a book account with one concern may be separable, if the circumstances are such as to show such intention, as where the concern carries on different lines of business and keeps separate books for each line, or perhaps where the account has been broken for a long period even though but one set of books has been kept, yet the prevailing view is that an ordinary running account though covering many different items cannot be split. *Lucas v. Le Compte,* 42 Ill. 303; *Buck v. Wilson,* 113 Pa. St. 430; *Memmer v. Carey,* 30 Minn. 458; *Borgesser v. Harrison,* 12 Wis. 544; *Secor v. Sturgis* 16 N. Y. 548; *Flaherty's Admr. v. Taylor,* 35 Mo. 447. The same rule seems to apply to cases of different instalments of interest or rent. While different actions may be brought on different parts

from time to time as they come due, yet each action must cover all that are then due or those not included will be deemed to have been waived. It is not necessary that there should be an express waiver of the part not included. Indeed, it may not appear at the time that a part has been omitted. But, if it is intentially omitted or not claimed though appearing to exist or even though there appears an intention not to waive it, the party will be barred from subsequently bringing another action upon it. Cases *supra* and *Litchfield v. Daniels*, 1 Colo. 268; *Bowditch v. Salisbury*, 9 Johns. 366; *Cahill v. Dolph*, 1 Johns. Ces. 333; *Sanborn v. Contra Costa County*, 60 Cal. 425; *Butcher v. Smith*, 29 Oh. St. 600; *Hapgood v. Doherty*, 8 Gray 373; *Remington v. Henry*, 6 Blackf. 63; *Carey v. Miller*, 12 R. I. 337; *Reformed, &c., Church v. Brown*, 54 Barb. 191; *Un. R. R. & Tr. Co. v. Traube*, 59 Mo. 355; *Nickerson v. Rockwell*, 90 Ill. 460.

3. That the District Magistrate was without jurisdiction because the action was for an amount in excess of his jurisdiction, which is limited to $300. The prayer was for "$297.39 damages, with interest, and costs." It is contended that the interest amounting to $16.95, added to the principal, made the total over $300.

Attorney's commissions and costs allowed by statute should not, we presume, be included in determining the jurisdictional amount. They are not a part of the claim or of the amount sued for. They are incidental to the action itself. They are not due and could not be claimed until the termination of the action. But as to interest, it is different. Although there are authorities *contra*, the great weight of authority is to the effect that interest should be included in determining the jurisdictional amount. That such should be the rule on principle is clear when the interest is provided for in the contract, for it is just as much a part of the claim as the principal is. And the same is true where, as in this case, the interest is merely allowed by law and may be considered as in the nature of damages. This also is part of the amount claimed, as much so as would be a claim for damages for the detention of specific property.

And it is so held. *State v. Superior Court*, 9 Wash. 369; *Plunket v. Evans*, 2 S. D. 434; *Howell v. Burnett*, 20 N. J. L. 265; *Parkhurst v. Spalding*, 17 Vt. 527; *Paige v. Morgan*, 28 Vt. 565; *Kirk v. Grant*, 67 Md. 418 (10 Atl. 230); *Ball v. Biggam*, 23 Pac. (Kans) 565.

But may not the want of jurisdiction be restored by permitting the plaintiff to remit the amount in excess of the jurisdiction to the District Magistrate? If the claim had been for a sum within that jurisdiction, and the judgment for a sum in excess of it, the error could be cured by remitting the excess, for the Magistrate would have had jurisdiction of the case but would merely have erred in its judgment, which error could be corrected on appeal. But since in this case the action itself was for an amount above $300, the Magistrate never acquired jurisdiction of the case and his judgment was absolutely void. *Plunket v. Evans, Supra.* See also *McQuade v. O'Neill*, 15 Gray 52; *Hearn v. Cutberth*, 10 Tex. 216; *Quayle v. Glen*, 57 Pac. (Ida.) 308. This would seem to follow from the general rule that where an inferior court has no jurisdiction, an appellate court cannot entertain an appeal except for the purpose of reversing the judgment below, or affirming it in case that court has dismissed the action for want of jurisdiction.

It is true that on most of these points there is considerable contrariety of opinion, but the foregoing views seem to be in harmony with reason and the weight of authority. For further authorities see note to *Hunton v. Luce*, 28 L. R. A. 221; 1 Enc. Pl. & Pr. 53-5, 707 *et seq.* and notes; 31 Cent. Dig. 1027 *et seq.*

This being a question of jurisdiction over the subject matter, it may be raised in this court on appeal, even though the record of the district court does not show that it was raised there except in the notice of appeal filed after judgment was rendered. See *Tong On v. Tai Kee*, 11 Haw. 424; *Wedgewood v. Parr*, 112 Ia. 514.

It is unnecessary for the purposes of this case to decide all the foregoing questions, but as they are closely related and most of those not here involved are involved in other cases now be-

fore the court and about to be. decided, it was deemed best to consider all these questions in one opinion.

The judgment appealed from is reversed on the ground that the *ad damnum* for principal and interest exceeded the amount over which the District Magistrate could take jurisdiction, and the case is dismissed without prejudice.

*Peterson & Matthewman* for plaintiff.

*J. T. De Bolt* for defendant.