ALLAN W. T. BOTTOMLEY, TRUSTEE, *v.* WILLIAM
A. HALL.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 20, 1907.　DECIDED OCTOBER 7, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EVIDENCE—*corporation deed.*

A deed of a corporation, acknowledged and recorded, purport-
ing to be executed by its president and secretary, and bearing
the imprint of its seal, may be admitted in evidence without
further proof.

BILLS AND NOTES—*evidence.*

The identification of the signature of the maker of a promis-
sory note together with a refusal by him to deny his signature
is evidence from which the execution of the note may be inferred.

ID.—*internal revenue.*

An unstamped promissory note issued while the War Revenue
Act was in force cannot be received in evidence until it is prop-
erly post stamped in accordance with section 13 of that act.
31 U. S. St. L. 941.

ID.—*jurisdiction of district court.*

The amount for which judgment is asked and not the amount
due determines the jurisdiction of the district court.

OPINION OF THE COURT BY WILDER, J.

Action on a promissory note. Judgment having been ren-
dered for plaintiff in the circuit court, jury waived, on appeal
from the district court, defendant brings exceptions.

The first exception is to the admission in evidence of a deed
to the plaintiff from the Washington Mercantile Company,
Limited, a corporation, the original plaintiff in the district
court, the objections being that its execution was not proved
and that the persons signing as president and secretary, respec-

tively, of the corporation were neither shown to have been such nor to have been authorized by the corporation to execute the deed. The deed purports to have been executed by the corporation, acting through its president and secretary, and bears the imprint of its seal and was acknowledged and recorded. This was prima facie sufficient to entitle it to be received in evidence without further proof. It was incumbent on the defendant to show, if he could, that the execution of the deed was not authorized. See *Porter v. Kapiolani Est. Ltd.,* 18 Haw. 300, 303; *Koehler v. Black River Falls Ins. Co.,* 67 U. S. 715, 717.

The next exception is to the admission in evidence of the note sued on. It is contended that its execution was not proved. The record shows that defendant's signature to the note was identified by one witness and defendant himself refused to deny that the signature was his. Thus there was evidence which would authorize the finding that the note was duly executed, and consequently this objection is overruled.

It is also contended that the note should not have been received in evidence because it was not stamped under the war revenue act of 1898 (30 U. S. St. L. 448). The note was dated March 27, 1901, and therefore, under that act, could not be received in evidence until properly stamped. Sec. 13 of the act, as amended, provides that an unstamped instrument may be subsequently stamped by having the collector of internal revenue of the proper district, upon payment to him of the amount of the stamp and of a penalty, affix the proper stamp thereto and note on the margin thereof the date of his so doing and the fact that such penalty has been paid, in which case it has the same effect as if properly stamped in the first instance. 31 U. S. St. L. 941. When the objection was made that the note was not stamped, the trial in the circuit court was adjourned for six days, and then plaintiff produced evidence tending to show that the note had been deposited with the collector of internal revenue for this district, for which a receipt was given, for the purpose of having it post stamped

according to law, that all necessary steps had been taken to that end, and that the note would be properly stamped in accordance with the statute when the stamps arrived from ,Washington. This appears from the testimony of the collector and is also to be inferred from the receipt which, though introduced in evidence, was not brought up. . The question is whether this is a compliance with the statute. At the time the note was put in evidence the stamp had not been affixed and canceled and the notation on the note by the collector had not been made. The conclusion follows, therefore, that the note was not stamped according to the statute and should not have been admitted. It was held in *Makainai v. Goo Wan Hoy,* 14 Haw. 683, that an instrument not stamped when made can be legally stamped afterwards only as prescribed by statute, that is, by following the method referred to. The only case which we have been able to find that appears to be contrary to our conclusion is that of *Lerch v. Snyder,* 112 Pa. St. 161, which we decline to follow as its reasoning is unsatisfactory. This exception will have to be sustained.

The only other exception requiring discussion is in regard to the jurisdiction of the district court. The note is for $372.50 and in the complaint plaintiff asked judgment for $300 with costs and attorney's commissions "expressly waiving his claim for the full amount of said note." The judgment was for $300 with costs and attorney's commissions, thus following the prayer of the complaint by not including interest and the $72.50. The amount for which judgment is asked, and not the amount due, determines whether the case is within the jurisdiction of the court. *Lewers & Cooke v. Redhouse,* 14 Haw. 290. This exception is overruled.

For the foregoing reasons the exception as to the unstamped note is sustained, the judgment vacated and a new trial ordered.

*W. W. Thayer* for plaintiff.

*C. W. Ashford* for defendant.