## PATRICK WALSH v. H. L. LAWSON AND MRS. E. C. BAILEY, PARTNERS, DOING BUSINESS AS LAWSON & BAILEY.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED FEBRUARY 25, 1910.          DECIDED MARCH 2, 1910.

### HARTWELL, C.J., PERRY AND DE BOLT, JJ.

ACTIONS—*separate transactions.*

Two actions, one for money paid by plaintiff for the use and benefit of defendants and the other for labor performed by plaintiff for defendants, may be prosecuted independently of each other, the claim on which each is based being a separate transaction.

### OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by plaintiff on points of law from a judgment of the district magistrate of Honolulu, dismissing plaintiff's action, which was brought to recover the sum of thirteen dollars, money paid by plaintiff for the use and benefit of defendants, and at their request.

The transaction upon which the claim was based is this, as shown by the evidence: Defendants being in need of some lumber, requested plaintiff to get it for them and that they would pay for it. Plaintiff procured the lumber, as requested, and paid the bill therefor, $13. Defendants failing to pay plaintiff, he, thereupon, brought this action.

The evidence also shows that at the time this action was be-

gun, as well as at the time the appeal was taken, the plaintiff had another action pending in the circuit court of the first circuit against these defendants for the sum of $888.00 for, work done and labor performed, and to foreclose a mechanic's lien on the defendants' property.

To the cause pending in the district court, the defendants interposed a plea in abatement, contending that the claim of thirteen dollars should have been joined with the claim pending in the circuit court, each claim, as the defendants contended, being a part of and constituting one entire cause of action. The magistrate sustained this plea and thereupon dismissed the action. These rulings constitute the points of law upon which the appeal comes to this court.

. The plaintiff contends, and the record does not disclose anything to the contrary—in fact it clearly bears out his contention—that the claim sued on in the district court was a separate and distinct cause of action from the one pending in the circuit court, and that it arose out of an entirely different and independent transaction, having no connection whatever with the other claim.

Upon the record before us there can be no other conclusion but that plaintiff is correct in his contention. The evidence is clear and conclusive that the parties did not only consider the purchase of the lumber an independent transaction but also a cash transaction.

While it is true, that the rule is well settled that an entire claim cannot be split for the purpose of bringing separate actions on different parts thereof, still, the mere fact that the plaintiff was prosecuting two actions against the defendants at the same time—one for labor performed and the other for money paid for the use and benefit of the defendants—does not even tend to show that these claims were parts of one entire transaction; nor does it follow that because the plaintiff might have prosecuted them in a single action that he should have done so.

See *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290; *Flaherty* v. *Taylor,* 35 Mo. 447; *Perry* v. *Dickerson,* 85 N. Y. 345; (39 Am. Rep. 663); *Phillips* v. *Berick,* 16 Johns. (N. Y.) 136, (8 Am. Dec. 299); *Liddell* v. *Chidester,* 84 Ala. 508, (5 Am. St. Rep. 387); 23 Cyc. 411, 436, 443; 1 Ency. P. & P. 148; 1 Bigelow on Estoppel, 171, 197.

The judgment of the district magistrate is reversed and the cause remanded.

*C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief) for plaintiff.

*H. G. Middleditch* for defendants.