## L. OKAMURA *v.* H. ADVINCULA, DEFENDANT; LAIE PLANTATION COMPANY, GARNISHEE.

### Nos. 1412 and 1413.

APPEALS FROM DISTRICT MAGISTRATE OF KOOLAULOA.

SUBMITTED OCTOBER 19, 1922.                    DECIDED OCTOBER 30, 1922.

PETERS, C. J., PERRY, J., AND CIRCUIT JUDGE BANKS IN PLACE OF LINDSAY, J., DISQUALIFIED.

ACTIONS—*splitting causes of action—running accounts.*
> An ordinary continuous running book account is such an entire claim as cannot be split for the purpose of bringing several actions on the different parts.

SAME.
> If action is brought on a part only of an entire claim, the rest will be deemed to be waived.

SAME—*effect of splitting—first judgment a bar.*
> Where an entire claim, whose total is beyond the jurisdiction of the court, is split for the purpose of bringing two actions thereon, each upon a total within the jurisdiction of the court, and such actions are simultaneously instituted, the result will be, not that the court will not have jurisdiction, but that the judgment first rendered will bar a recovery in the other action.

### OPINION OF THE COURT BY PERRY, J.

The plaintiff instituted two actions of assumpsit in the district court of Koolauloa on the Island of Oahu, one for the sum of $177.85 and the other for the sum of $206.30, exclusive in each instance of interest, attorney's commissions and costs. Both actions were for goods sold and delivered. In each case there were several counts, or, as plaintiff there called them, causes of action. All of the counts were based upon written orders in the same form but naming different recipients of the goods to be sold by the plaintiff. The following is a sample of these orders:

"Messrs. L. Okamura Store:—

"Please supply Francisco Yugario with goods not to exceed $20.00 Twenty Dollars. and charge same to my account.

"Date October 1, 1920          (Sig.)   H. Advincula"

The defendant, appearing specially, filed in each case a motion to dismiss on the ground of lack of jurisdiction, the theory of the motion being that all of the items or counts sued upon in the actions constituted but one cause of action in favor of the plaintiff and that that cause of action had been improperly split in order to bring the two cases within the limits of the jurisdiction of the district magistrate. The motions were sustained and the actions dismissed and from that order the causes come by appeal to this court.

The plaintiff's contention that each of the orders for goods constituted a promise by the defendant to pay the debt of the beneficiary or recipient therein named and that therefore each order constituted a separate cause of action cannot be sustained. Was the promise of the defendant original or collateral? To whom was the credit extended? The written orders are unambiguous. The *defendant* ordered the goods and plainly directed that they be charged to his, the defendant's, account. The sales were made to *him* and not to the beneficiaries named in the orders. Credit was extended to him and he was primarily liable. In so far as this contention of the plaintiff is concerned it cannot be held that each order for goods constituted a separate and distinct cause of action.

On the subject of the splitting of the cause of action and of the penalties accruing therefrom the law in this jurisdiction has been settled in prior decisions of this court so clearly that but little need be added in the application of that law to the circumstances of the case at bar.

"The prevailing rule is that an entire claim cannot be split for the purpose of bringing several actions on the different parts within the jurisdiction of an inferior court. This rule is based upon the maxims that it is for the public good that there be an end of litigation and that no one ought to be twice vexed by one and the same cause. But what is the result if an action is brought on a part only of the cause? Is it to oust the court of jurisdiction or is it merely to prevent a second action upon the balance of the cause?

"It is settled that the amount prayed for and not the amount due determines whether the case is within the jurisdiction of the court; also that one may waive a portion of his claim in order to bring his action within the jurisdiction of an inferior court. *Volcano S. & T. Co.* v. *Hayashi,* 13 Haw. 695.

"The questions then arise, whether a claim for the balance due on a running book account for goods sold and delivered from time to time is an entire claim such as cannot be split for the purpose of bringing different actions on the different parts, and, if it is, whether there has been a waiver of the part not embraced in this action?

"Although a book account with one concern may be separable, if the circumstances are such as to show such intention, as where the concern carries on different lines of business and keeps separate books for each line, or perhaps where the account has been broken for a long period even though but one set of books has been kept, yet the prevailing view is that an ordinary running account though covering many different items cannot be split. *Lucas* v. *Le Compte,* 42 Ill. 303; *Buck* v. *Wilson,* 113 Pa. St. 430; *Memmer* v. *Carey,* 30 Minn. 458; *Borgesser* v. *Harrison,* 12 Wis. 544; *Secor* v. *Sturgis,* 16 N. Y. 548; *Flaherty's Admr.* v. *Taylor,* 35 Mo. 447. The same rule seems to apply to cases of different instalments of interest or rent. While different actions may be brought on different parts from time to time as they come due, yet each action must cover all that are then due or those not included will be deemed to have been waived. It is not necessary that there should be an express waiver of the part not included. Indeed, it may

not appear at the time that a part has been omitted. But, if it is intentionally omitted or not claimed though appearing to exist or even though there appears an intention not to waive it, the party will be barred from subsequently bringing another action upon it." *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, 292, 293.

The court below erred in sustaining the motions to dismiss. The court was not without jurisdiction to hear and determine the two cases. While both actions were instituted on the same day and apparently at the same instant of time the law above quoted applies. Upon proof to the satisfaction of the court that the items constituted but one running account, the first judgment rendered in the one or the other of these cases may be successfully pleaded in bar of the other action upon the theory that by maintaining the first and proceeding therein to judgment the plaintiff has waived all parts of the same cause of action which are not included therein and which are included in the second action. This theory of waiver must be held to apply irrespective of the actual intention of the plaintiff at the time when he instituted the two actions. This view of the law was enunciated in the case of *Phillips* v. *Lun Chong Co.,* 14 Haw. 295, 297, as well as in *Lewers & Cooke* v. *Redhouse, supra.* The authorities in other jurisdictions are conflicting but they were all carefully considered in the two Hawaiian cases just cited. We find no occasion to do otherwise than to apply the law as already laid down by this court.

The appeals are sustained and the causes are remanded to the district magistrate for further proceedings not inconsistent with this opinion.

*W. J. Robinson* for plaintiff.

*Mott-Smith & Lindsay* for defendants.