## HONOLULU IRON WORKS COMPANY, A CORPORATION, *v.* N. HARA.

### No. 1395.

RESERVED QUESTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED OCTOBER 5, 1922.　　　　　DECIDED OCTOBER 31, 1922.

PETERS, C. J., PERRY, J., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF EDINGS, J., ABSENT.

ATTACHMENT—*undertaking by attachment plaintiff.*

A bond on attachment in a sum double the amount of the principal of plaintiff's claim with interest to date of filing suit complies with the provisions of section 2783, R. L. 1915, as amended. The "amount for which the plaintiff demands judgment" is exclusive of interest to accrue subsequent to filing the action, attorney's fees and costs.

OPINION OF THE COURT BY PETERS, C. J.

Plaintiff brought an action against the defendant in assumpsit. The complaint contains two counts, one for goods, wares and merchandise sold and delivered, and one upon an account stated. Both counts contain an ad damnum of $3131.83 and interest. The first count makes no reference to the date of sale. The second count alleges the account as having been stated between the parties on February 27, 1922, the same day on which the action was instituted. The prayer for judgment is for the sum of $3131.83 and interest, costs and attorney's fees. Upon application of plaintiff therefor and its execution and filing of a bond in the sum of $6500 a writ of attachment issued. The defendant applied for a discharge of the writ upon the ground that the same was improperly issued in this, that the penalty thereof was for a sum less than

double the amount for which plaintiff demanded judgment.

Pursuant to the statute the trial court reserved the following questions to this court:

"I. Does the bond on attachment, as provided for in Section 2783 of the Revised Laws of 1915, as amended by Act 18 of the Session Laws of 1917, have to be in a sum at least double the amount of plaintiff's claim, plus interest, costs of court and attorney's fees?

"II. Should the writ of attachment heretofore issued in this action be quashed, vacated and set aside for the reason that the bond on attachment in this action is not in a sum at least double the amount for which plaintiff demands judgment?"

The amount of the penalty in the bond on attachment under the provisions of section 2783, R. L. 1915, as amended by Act 18, S. L. 1917, should be "in a sum at least double the amount for which the plaintiff demands judgment, and in no case less than fifty dollars in a district court, or three hundred dollars in any other court."

It is conceded that if the amount for which plaintiff demanded judgment includes interest subsequent to filing the action, accrued costs and attorney's fees the penalty of the bond is insufficient.

. This court held in the case of *Lewers & Cooke* v. *Redhouse,* 14 Haw: 290: "Attorney's commissions and costs allowed by statute should not, we presume, be included in determining the jurisdictional amount. They are not a part of the claim or of the amount sued for. They are incidental to the action itself. They are not due and could not be claimed until the termination of the action." If attorney's commissions and costs are not a part of the claim or the amount sued for they certainly cannot be a part of the amount for which plaintiff demands judgment.

The import of the language employed in section 2783 may be better appreciated by a consideration of previous

decisions of this court determining the jurisdiction of district courts.   In the case of *Volcano S. & T. Co.* v. *Hayashi,* 13 Haw. 695, 696, the prayer of the complaint was for $300 with attorney's commissions and costs.   The court held that the amount for which judgment was prayed was $300.   In *Hall & Son* v. *Dickey,* 15 Haw. 590, the judgment was for $275.91 damages; $15.26 interest; $14.78 attorney's commissions, and $3.45 costs of court.   The court held: "Excluding attorney's commissions and costs the amount of the judgment was within the jurisdictional limit."   In *Bottomley* v. *Hall,* 18 Haw. 412, the note upon which the action was brought was for $372.50.   The plaintiff prayed judgment for $300 with costs and attorney's commissions, expressly waiving the excess.   The court held: "The amount for which *judgment is asked* and not the amount due determines whether the case is within the jurisdiction of the court."

From such examination as we have been able to make of attachment statutes in other jurisdictions we find that in the majority of cases the basis of the computation of the penalty of the bond is the amount of plaintiff's claim. So far as the limitations of our library permit us to speak statutes of the States of Oregon and Washington and the district of Alaska alone compute the penalty of an attachment bond upon the "amount for which plaintiff demands judgment."   Plaintiff cited the case of *Miller* v. *Alaska Canadian Oil Co.,* 4 Alaska 439, where the court in interpreting the effect of a similar statute held that costs and attorney's fees were not fixed and certain and might not be allowed and hence the bond need not cover them except in those cases where they were so fixed and certain that they might with exactness be included in the amount for which plaintiff demanded judgment.   We do not feel, however, that certainty of imposition of costs or attorney's

fees is the test and prefer the reasoning employed by this court in the case of *Lewers & Cooke* v. *Redhouse, supra.*

Independent research developed the case of *Aldrich* v. *Columbia Southern Ry. Co.*, 64 Pac. 455, 459, interpreting the Oregon statute. There the court said: "It will be remembered that the action was commenced November 18, 1898, to recover the sum of $5620.99 with three days' interest. The rate of interest in this state at that time on such demands was 6 per cent. and hence the amount for which plaintiff demanded judgment was $5623.80 or $3.80 more than that for which the undertaking was given." It is worthy of note that in the *Aldrich* case the court in computing the amount for which plaintiff demanded judgment only considers the amount of the debt sued for plus interest up to the date of filing suit. Under the Oregon statute the prevailing party is entitled to costs and if costs were a component element in computing the amount for which plaintiff demanded judgment it would seem reasonable that the court would have taken that element into consideration.

A similar case in this jurisdiction is that of *Nua* v. *Mahelona*, 23 Haw. 702. That was an action in assumpsit in which the plaintiff demanded judgment for $740 together with interest, attorney's commissions and costs. The plaintiff filed an undertaking on attachment in the sum of $1800. The defendant moved that the judgment be discharged upon the ground *inter alia* that the bond on attachment was in a sum less than double the amount for which the plaintiff demanded judgment. The court held: "The amount of the debt and interest for which judgment is demanded in the prayer of the complaint amounts to more than $1000 and the bond is for a sum less than double the amount sued for and is not a compliance with the requirements of the statute (Sec. 2783 R. L.) * * *."

The same observation might be made here, that if the

court considered interest subsequent to filing suit, attorney's commissions or costs component elements in computing the amount for which plaintiff demanded judgment it would have said so and not have made a comparison by the inclusion of only two elements even though the sum total of those two elements was more than one-half of the penalty of the bond. The natural desire of the appellate court to evade immaterial issues would be no reasonable justification for the elimination and nonconsideration of component elements of a material issue.

Upon the authorities cited and the language of the statute it would also conclusively appear that while interest accrued prior to suit is included in determining the amount for which plaintiff demands judgment, interest to accrue between the date of filing the action and entry of judgment is not.

A bond on attachment in a sum double the amount of the principal of plaintiff's claim with interest to date of filing suit complies with the provisions of section 2783, R. L. 1915, as amended. The "amount for which the plaintiff demands judgment" is exclusive of interest to accrue subsequent to filing the action, attorney's fees and costs.

The foregoing disposes of both questions in the negative.

The cause is remanded to the trial court for further proceedings consistent with this opinion.

*W. W. Thayer* for plaintiff.

*J. B. Lightfoot* for defendant.