TACHI SANADA *v.* Y. KUWASE.

No. 1622.

APPEAL FROM DISTRICT MAGISTRATE OF SOUTH HILO.

ARGUED JUNE 8, 1925.                    DECIDED JUNE 22, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DISTRICT COURTS—*jurisdiction.*

Where, in a promissory note, it is stipulated that, in case suit is brought for the collection thereof, a reasonable attorney's fee shall be recoverable, and in an action on the note an attorney's fee is prayed for, such attorney's fee should be included in determining whether the amount of the claim is within the jurisdictional amount to which district courts are limited.

SAME.

In an action before a district court on a promissory note for $426 with interest and attorney's fees, the note containing an agreement for an attorney's fee in case suit is brought, where it appears from the prayer of plaintiff that the amount of the principal sum of the note together with interest and an attorney's fee exceeds $500, the district court is without jurisdiction to proceed to trial of the case on its merits.

AMENDMENT OF PLEADINGS.

> Where a plaintiff has commenced suit in a district court for an amount in excess of the jurisdictional amount to which district courts are limited, plaintiff, before the court proceeds to hear the case on its merits, may be allowed to reduce the *ad damnum* to a sum which will bring the case within the jurisdiction of the court.

OPINION OF THE COURT BY LINDSAY, J.

Plaintiff, on September 13, 1924, brought an action in assumpsit in the district court of South Hilo upon a promissory note made by defendant on February 8, 1923, for the sum of $426 with interest thereon at the rate of 1½% per month, the note containing a stipulation that "in case suit is instituted to collect this note or any portion thereof I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit." In her complaint plaintiff alleged that $75 was a reasonable attorney's fee to allow in this action; that defendant had failed to pay either the principal or interest, to the damage of the plaintiff in the sum of $426 with interest thereon at the rate of 8% per annum; and prayed judgment "for said amount of $426.00, interest, costs, and attorney's fees."

The defendant demurred on the ground that the district court had no jurisdiction, in that the amount involved was in excess of the jurisdictional amount conferred by law on district courts. The demurrer was overruled and the court proceeded to hear the case. After the evidence for plaintiff was adduced, defendant declined to put in evidence in defense. Plaintiff then requested and was allowed to amend her complaint by substituting a request for the statutory attorney's commissions allowed to prevailing parties, in lieu of the attorney's fees as originally prayed for. The court gave judgment in favor of plaintiff for $426 principal, $74 interest, $20 attorney's com-

mission, and $2.10 costs of court, totaling $522.10. De-
fendant has come here on appeal on the following points
of law: First, that the district magistrate was without
jurisdiction over the subject-matter, because plaintiff's
action was for an amount in excess of his jurisdiction,
which is limited to $500; second, that the district magis-
trate erred in overruling defendant's demurrer to plain-
tiff's declaration for want of jurisdiction by the district
magistrate over the subject-matter; third, that the judg-
ment entered in the above entitled cause against the
defendant is absolutely void, for the district magistrate
never acquired jurisdiction of the case.

District courts under section 2274, R. L. 1925, have
jurisdiction "where the debt, amount or damages, or
the value of the property claimed, shall not exceed five
hundred dollars." The sole question, therefore, herein
is whether it appears from the complaint that the amount
claimed does or does not exceed $500.

It is the contention of appellant that when suit was
brought on September 13, 1924, the principal sum due
was $426. To this sum should be added interest at the
rate of 8% amounting to $53.96, also the sum of $75
alleged in the complaint to be a reasonable attorney's
fee, thus bringing the claim up to over $500, hence the
district court was without jurisdiction.

This court has frequently held that the amount for
which judgment is prayed and not the amount of the
debt due determines whether or not the case is one within
the jurisdiction of the court. *Volcano Stables Co.* v.
*Hayashi,* 13 Haw. 695; *Bottomley* v. *Hall,* 18 Haw. 412;
*Lewers & Cooke* v. *Redhouse,* 14 Haw. 290.

In the instant case the amount for which judgment
is prayed is "for said amount of $426.00, interest, costs,
and attorney's fees." While it is true that plaintiff
does not, in specific terms, pray for $75 as attorney's

fees, the prayer for attorney's fees is clearly referable to the allegation in the complaint that "seventy-five ($75.00) is a reasonable attorney's fee to allow in this action."

In *Lewers & Cooke* v. *Redhouse, supra,* this court held that a district magistrate was without jurisdiction in an action in which the prayer was for $297.39 damages with interest and costs, the jurisdiction of district courts at that time being limited to claims not exceeding $300, the court saying at page 293: "Attorney's commissions and costs allowed by statute should not, we presume, be included in determining the jurisdictional amount. They are not a part of the claim or of the amount sued for. They are incidental to the action itself. They are not due and could not be claimed until the termination of the action. But as to interest, it is different: Although there are authorities *contra,* the great weight of authority is to the effect that interest should be included in determining the jurisdictional amount. That such should be the rule on principle is clear when the interest is provided for in the contract, for it is just as much a part of the claim as the principal is. And the same is true where, as in this case, the interest is merely allowed by law and may be considered as in the nature of damages. This also is part of the amount claimed, as much so as would be a claim for damages for the detention of specific property."

The remarks of the court in the above case concerning interest are quite as applicable to the attorney's fees prayed for in the instant case. In this case attorney's fees were provided for in the contract and are, therefore, as much a part of the claim as interest and the principal itself are. In *Springstead* v. *Crawfordsville State Bank,* 231 U. S. 541, the court, in agreeing with the contention that attorney's fees, stipulated for in a promissory

note, are a part of the claim and should be included in determining the jurisdictional amount, said: "This is a direct writ of error to determine a question of jurisdiction. The action arose prior to the adoption of the Judicial Code and was on two promissory notes, each for one thousand dollars and each providing for the payment of a reasonable attorney's fee if suit were brought. Could such an attorney's fee be considered in determining whether the jurisdictional amount was involved? We think so. Clearly such fee was no part of the costs, nor was it interest. It may be that the agreement to pay an attorney's fee in the event of suit created only an accessory right (though under *Brown v. Webster*, 156 U. S. 328, this is doubtful), but nevertheless it gave a right to recover and created a legal obligation to pay. It is true its effectiveness was dependent upon suit being brought, yet the moment suit was brought the liability to pay the fee became a 'matter in controversy' and as such to be computed in making up the requisite jurisdictional amount." In *De Jarnatt v. Marquez*, 127 Cal. 558, plaintiff brought an action in the justice's court to recover upon a promissory note in the sum of $250. The note provided for the payment of attorney's fees in the event of suit. In his complaint plaintiff alleged that the sum of $100 was a reasonable attorney's fee. He asked judgment for the face of the note, with interest and attorney's fee in the sum of $100. On an appeal from judgment in favor of plaintiff the appellate court said: "Attorneys' fees under a contract such as this are in the nature of special damage. * * * Plaintiff's demand, therefore, in his action in the justice's court was for two hundred and fifty dollars, the principal sum of the promissory note, and the one hundred dollars pleaded by way of special damage as a reasonable attorney's fee. The

justice's court was therefore without jurisdiction and its judgment void."

It appearing then, from her complaint, that the amount of the claim of plaintiff was in excess of $500, the district court was without jurisdiction to proceed to hear the case on its merits. It is the general rule, however, that a party having a claim in excess of the jurisdictional amount to which a court is limited, may, in order to bring the case within the jurisdiction of the court, waive the portion thereof in excess of the jurisdictional amount. See 1 Enc. Pl. & Pr. 707; *Lewers & Cooke* v. *Redhouse, supra.* The plaintiff in the instant case did, after the evidence for plaintiff was in, request and was granted leave to amend her prayer by waiving the attorney's fee stipulated for in the instrument sued upon, and, in lieu thereof, praying only for the attorney's commissions allowed by statute, which commissions, being merely incidental to the claim and not a part thereof, are not to be included in determining the jurisdictional amount. *Lewers & Cooke* v. *Redhouse, supra.*

According to what seems to be the weight of authority, where a party in his complaint has prayed for a sum in excess of the jurisdictional amount, he may be granted leave to amend so as to bring the case within the jurisdiction of the court. *Epperly* v. *Little,* 6 Ind. 344; *Harvey* v. *Ferguson,* 10 Ind. 393; *Brown* v. *Lewis,* 10 Ind. 232; *Converse* v. *Damariscotta Bank,* 15 Me. 431. In *Hart* v. *Waitt,* 3 Allen 532, the court, in holding that a justice of the peace may allow an amendment reducing the *ad damnum* to a sum which will bring the case within his jurisdiction, cites many authorities supporting this rule, and on page 534, says: "But where the court to which the writ is returnable has jurisdiction of the parties and of the subject, as in the present in-

stance, and the only objection is that the *ad damnum* is
to a larger amount than the court can exercise juris-
diction of, we perceive no legal objection to the allow-
ance of an amendment by the court to which it is
returnable, reducing the *ad damnum*. If that is done
before proceeding to trial on the merits, the court will
then have a case before them within their statute
jurisdiction as to amount of damages, and may proceed
to hear and adjudicate thereon, and all subsequent pro-
ceedings will be the same as if the *ad damnum* had
been originally the same as made by the amendment."

As already stated, in the instant case the district
magistrate overruled the demurrer and proceeded to
hear the case on the merits, and no attempt was made
by plaintiff to amend her complaint until the evidence
was in. In the state of the case when the demurrer
was interposed the pleadings showed that the amount
prayed for was in excess of the jurisdiction of the court,
and the demurrer properly should have been sustained,
in which event, upon application, plaintiff might have
been permitted to amend. Had such procedure been
followed it is conceivable that defendant might have,
instead of relying as he did on his demurrer, inter-
posed a valid defense to the action. To now hold that
plaintiff was within her rights in praying, when she
did, for the amendment, and to affirm the judgment of
the district court, would in effect be to deny to defendant
any defense he may have to the action on its merits.
For this reason the judgment of the district magistrate
is reversed and the cause remanded with instruction to
the district magistrate to sustain the demurrer of
defendant with leave to plaintiff to amend her com-
plaint.

*W. H. Smith* (also on the brief) for plaintiff.

*T. E. M. Osorio* (also on the briefs) for defendant.