## LILIA NUA *v.* LUHANA MAHELONA, DEFENDANT, WILLIAM AHIA, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF SOLOMON MAHELONA, DECEASED, GARNISHEE.

### No. 995.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED APRIL 2, 1917.                    DECIDED APRIL 12, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

ATTACHMENT—*sufficiency of affidavit.*

An affidavit for attachment which shows the indebtedness of the defendant to the plaintiff "over and above all just credits and offsets" is sufficient without stating that the indebtedness is upon contract, express or implied, a fact to be determined from the complaint in the action.

SAME—*undertaking for attachment.*

Under section 2783 R. L. an undertaking for attachment in a sum not less than double the amount sued for is required, and where the undertaking for attachment is less than double the amount for which judgment is asked the attachment should be discharged on proper motion made.

PRINCIPAL AND AGENT—*assumpsit—liability of agent.*

An agent who receives money for his principal under promise to deposit it in bank for the principal and neither deposits the money in bank to the credit of the principal nor pays it to the principal, but delivers it to another who appropriates it to his own use, is liable therefor to the principal in an action of assumpsit.

OPINION OF THE COURT BY QUARLES, J.

This action of assumpsit comes before us upon exceptions. It is alleged in the complaint that the plaintiff advanced to the defendant April 17, 1911, the sum of $850,

it being agreed between them that the defendant would pay out of said money certain claims and demands against the plaintiff and place the balance of said sum in bank to the credit of the plaintiff; that defendant did pay said claims and demands amounting to the sum of $110 but failed and refused to place the balance of said sum ($740) in bank to the credit of the plaintiff, but instead of so doing did unlawfully and feloniously convert the same to her own use and has failed and refused, after demand therefor, to pay said balance or any thereof to the plaintiff. The plaintiff demanded judgment for $740 with interest thereon at the rate of eight per cent. per annum from April 17, 1911. The plaintiff filed an affidavit for attachment in which it is stated that the defendant is indebted to plaintiff in the sum of $740 over and above all just credits and offsets. The plaintiff also filed an undertaking for attachment in the sum of $1,800 and procured a writ of attachment which was levied upon certain real property of the defendant. The defendant answered by general denial and moved that the attachment be discharged upon the ground that it was wrongfully, oppressively, maliciously and improperly sued out, particularly in that the bond for attachment given was in a sum less than double the amount for which the plaintiff demanded judgment. The trial court overruled the motion to discharge the attachment and one of the principal exceptions challenges the correctness of its action in this regard. The affidavit for attachment is attacked upon the ground that it does not state that defendant's indebtedness to the plaintiff is upon contract, express or implied. The affidavit substantially follows the language of the statute (Sec. 2782 R. L.) but fails to state that the defendant is indebted to the plaintiff upon contract, express or implied. While section 2781 R. L. provides that in actions upon contract, express or implied, a writ of attachment may issue, the following section (2782) does not require the affidavit

to show that the action is upon contract—a matter which is to be determined by an examination of the complaint in the action. The affidavit was not insufficient on the ground upon which it is attacked. The amount of the debt and interest for which judgment is demanded in the prayer of the complaint amounts to more than $1000 and the bond is for a sum less than double the amount sued for and is not a compliance with the requirements of the statute (Sec. 2783 R. L.), which we hold to be mandatory. The motion to discharge the attachment should have been granted. The exception to the order refusing to discharge the attachment is sustained.

The court rendered its decision in favor of the plaintiff and judgment against the defendant and in favor of the plaintiff was entered for the sum of $740, the plaintiff having remitted the interest. To the decision and judgment the defendant excepted upon the ground that the decision and judgment were contrary to law and contrary to the evidence. The facts proven and found by the court are, briefly stated, as follows: Plaintiff, with the assistance of defendant and her husband, sold some property, and, being compelled to leave Honolulu about April 15, 1911, left the deed with defendant and her husband to be delivered, directing that the purchase price ($850) be paid to the defendant who agreed with plaintiff to accept such purchase price, pay out of the same certain claims and demands against the plaintiff, and deposit the balance of said sum in bank to the credit of the plaintiff; that the defendant paid the claims and demands against the plaintiff amounting to $110; that defendant and her husband, Solomon Mahelona, took the balance of said sum ($740) to the bank of Bishop & Company, where the defendant, instead of depositing the money in bank, gave the same to her husband who deposited it in his own name and afterwards checked it out and used it. There is a slight conflict of evidence as to the agreement to deposit the

money in bank, the defendant claiming that she was to deposit it in her name as trustee for the plaintiff and the plaintiff claiming that it was to be deposited in the bank in her own name and to her credit. It is contended by the defendant that she was a gratuitous bailee; that she used ordinary care in endeavoring to carry out the instructions of the bailor, and hence is not liable. It is unnecessary to enter into a discussion of the law of bailments. It is evident that the relation of principal and agent existed between the plaintiff and the defendant; that defendant received the money as agent for the plaintiff; and, acting under the instructions of the plaintiff, paid out a portion thereof but failed to deposit the balance of the money in bank according to plaintiff's instructions and according to her agreement, but negligently intrusted the money to her husband who wrongfully used it. Plaintiff was not in fault in the matter and the defendant was in fault in that she failed to discharge her obligation as agent for the plaintiff and, therefore, rightfully owes the money to the plaintiff. An agent who receives money for his principal under promise to deposit it in bank for the principal, and neither deposits the money in bank to the credit of the principal, nor pays it to the principal, but delivers it to another who appropriates it to his own use, is liable therefor to the principal in an action of assumpsit.

The exceptions to the decision and judgment are overruled. The cause is remanded to the circuit court with instructions to set aside the order refusing to discharge the attachment and to enter an order discharging the attachment for the reason that the bond required by section 2783 was not given as required by said statute.

*W. J. Robinson* for plaintiff.

*C. F. Peterson* for defendant.